SAMUEL FOX and another *vs.* CITY OF WINONA and others.

May 4, 1876.

**Municipal Corporation—Encumbering Sidewalks.**—By the charter of the city of Winona, its common council is authorized, by ordinances, resolutions, or by-laws, * * * to prevent the encumbrance of streets, sidewalks, lanes, or alleys with carriages, carts, wagons, boxes, sleighs, fire-wood, lumber, or any other material or substance whatever. *Held*, 1. That the word "encumbrance" is used in the sense of obstruction, and that the authority to prevent the encumbrance of streets is an authority, not only to remove, or cause to be removed, anything actually obstructing a street, but also to take measures to prevent anything from becoming an obstruction.

**Same—Forbidding the Setting of Awning Posts.**—2. That this authorizes the common council, not only to forbid the setting of posts in a street to support an awning, and to remove, or cause to be removed, posts already set for that purpose, but, on account of their liability to fall, to forbid the erection of wooden awnings, and to remove the same, or cause them to be removed.

Appeal by plaintiffs from a judgment of the district court for Winona county, after a trial before *Mitchell*, J., without a jury. The action was brought against the city, its mayor, and marshal, to restrain the latter from enforcing an order of the city council, and removing a wooden awning in front of plaintiffs' buildings.

*O. B. Gould* and *Lloyd Barber*, for appellant.

*A. H. Snow*, for respondent.

BERRY, J. Plaintiffs are owners in fee and in possession of certain land in the city of Winona, and of a building thereon, the front of which stands on the northerly line of Second street. Over the sidewalk in front of the building, the plaintiffs, in 1868, erected a wooden awning, attaching

one end of it to the building, and supporting the other end by perpendicular posts set into the earth at the outer edge of the sidewalk, at the distance of about ten feet from the building. The important question presented by this case is whether this awning can lawfully be removed by the city authorities.

By the charter of the city of Winona, its common council is authorized, " by ordinances, resolutions, or by-laws, * * * to prevent the encumbrance of streets, sidewalks, lanes, or alleys with carriages, carts, wagons, boxes, sleighs, fire-wood, lumber, or any other material or substance whatever." Sp. Laws 1867, p. 102.

In September, 1872, the city council passed an ordinance containing, among others, the following provisions :

" Section 21. * * * and all wooden awnings heretofore erected, so as to overhang or project into or over any sidewalk or street, shall be removed within two years from the passage of this ordinance.

" Section 22. Any person who shall violate, or fail to comply with, any of the provisions of this ordinance * * * shall pay a fine of not less than five nor more than fifty dollars."

In October, 1874, more than two years after the passage of the ordinance, the plaintiffs having failed to remove their wooden awning, the city council, by resolution, directed the city marshal to remove it.

The word "encumbrance," in the charter, is used in the sense of obstruction. The authority conferred to *prevent* the encumbrance of the streets and sidewalks by carriages, lumber, etc., or by " any other material or substance whatever," is an authority, not only to remove, or cause to be removed, anything actually obstructing a street or sidewalk, but also to take measures to prevent anything from becoming an obstruction. This authorizes the common council, not only to forbid the setting of posts in a street, to support

an awning, and to remove, or cause to be removed, posts already set in a street for that purpose, but, on account of their liability to fall, to forbid the erection of wooden awnings, whether supported by posts or not, and to remove the same, or cause them to be removed. It follows that it was competent for the common council to pass the provisions quoted from the ordinance in question.

The effect of these provisions is to make the plaintiffs' failure to remove their awning within the specified two years wrongful, and to subject them to a penalty therefor. The continuance of the awning after the two years, and, therefore, at the time when the marshal was directed to remove it, was the unlawful continuance of an encumbrance or obstruction of the street and sidewalk, as well as of something which the common council, in the legitimate exercise of the authority conferred upon it, had determined it to be necessary to remove, in order to prevent it from becoming an obstruction.

The city council, in the exercise of its authority to prevent the encumbrances spoken of, is not confined to the right to direct their removal by the parties who placed or maintain them where they are, nor to the right to impose a penalty for the failure of those parties to remove them. The authority given is more general. It is "by ordinances, resolutions, or by-laws * * * to prevent." This prevention may be accomplished, as it was in this instance, through a resolution directing the marshal—who is bound to execute the order of the common council (see § 7, c. 3, of the city charter)—to remove the obnoxious awning. The maintenance of the awning having been made unlawful by the ordinance, and the defendants having had more than two years' notice to remove it, the adoption of the resolution in this case cannot be claimed to be an unreasonable exercise of authority. See *Pedrick* v. *Bailey*, 12 Gray, 161.

The other points made by plaintiffs' counsel appear to be

based upon the idea that the plaintiffs had some right to erect and maintain their awning in the street, whereas it does not appear, in fact or by presumption, that the awning was there otherwise than by mere sufferance.

Judgment affirmed.