## TURNER V. TURNER ET AL.

1. PRACTICE IN CHANCERY: *Allowing interest in trust settlements.*
   It is within the discretion of the Chancellor to allow or refuse interest to a trustee on money advanced for the *cestui que trust,* according to the particular facts of each case.

2. PRACTICE IN SUPREME COURT: *Appeal necessary to correct errors.*
   The appellee cannot have errors against him corrected in the Supreme Court without a cross-appeal either from the Circuit or Supreme Court.

APPEAL from *Phillips* Circuit Court in Chancery.
Hon. J. N. CYPERT, Circuit Judge.

*John C. Palmer* for appellant.

Interest should have been allowed appellant on his advances. When one party pays money the benefit of which is claimed by another party, interest should be allowed to the party who pays the money. *2 Story on Contracts, section 1025.*

*Thweatt & Quarles* for appellees.

This case is similar in several respects to *Sutton v. Myrick, 39 Ark.* A trustee cannot improve his *cestui que trust* out of his land.

Contends that the Master's report fails to charge appellant with sufficient rents; that the rental was placed too low; that appellant should have been charged with $480 difference in value of the mules and wagon and the debt assumed, etc.

DUVAL, Special Judge. The appellees, as the widow and heirs at law of N. S. Turner, filed a complaint in equity against the appellant to have a deed to him set aside as fraudulent as to them, or that he be declared to hold the title in trust for them, for an account of rents and profits and for partition.

It is not necessary for the disposition of the case here to enter into a detail of the pleadings, as there was a reference to a Master, and the controversy is upon the exceptions to his report.

Counsel, in their brief, say "the only question presented by the appellant's exceptions to the report of the Master is as to the allowance of interest in his favor on money paid out by him for the benefit of appellees and their ancestor." The Master refused to allow him interest, and the court below overruled the exception and confirmed the action of the Master.

The court below found, upon the hearing, "that the said defendant, B. Y. Turner, and the said N. S. Turner were the devisees and executors of Edmond Turner deceased; that as such they came into the possession of the west fractional half of section one, the northeast fractional quarter of section two, and the north half and southeast quarter of the southeast quarter of section two,

Turner v. Turner et al.

in township two, south, range two, east. That they afterwards made an agreement with B. F. Wallace and Palmer & Sanders by which said B. F. Wallace became entitled to one-fourth and Palmer & Sanders one-fourth thereof, making them tenants in common of one undivided fourth each; that afterwards said B. Y. Turner purchased the interest of B. F. Wallace for the sum of one thousand dollars, and of Palmer & Sanders for twelve hundred dollars; that the same was at various times occupied by N. S. Turner, Sr., and B. Y. Turner; that after the death of N. S. Turner the premises were principally occupied by B. Y. Turner, who placed valuable and lasting improvements thereon; that the said N. S. Turner departed this life leaving him surviving the plaintiffs, his widow and heirs at law, and that said B. Y. Turner, on the purchase of the interests of said B. F. Wallace and said Palmer & Sanders, was the trustee of said N. S. Turner's heirs, as to the half thereof." And upon the facts so found the court decreed to the plaintiffs one undivided half of said land, subject to a lien in favor of the defendant for the purchase money and other *accounts* found against them by the Master, and that partition be made, and refused to allow compensation to defendant for improvements made by him, but that the land upon which he had made improvements should be assigned to him by the commissioners appointed (to make partition) as far as practicable. The court also declared the sum of twenty-three hundred and eighteen 13-100 dollars found by the Master in favor of the appellant, B. Y. Turner, to be a lien upon the land, to be set apart to the appellees.

We have set out the findings of the court as the easiest means of presenting such of the facts as are necessary to be referred to in deciding the case.

**1. PRACTICE IN CHANCERY: Allowing interest in trust settlements.**    The only error complained of by the appellant was the refusal of the court to allow him interest upon advances made by him for the benefit of the appellees. It is clearly within the discretion of the Chancellor to allow or refuse interest in cases like this, where an account is taken between *trustee* and *cestui que trust*. The courts of chancery in such cases are governed by the facts in each case.

We are not prepared to hold that the court below erred in the exercise of that discretion in this case, in refusing to allow interest to the appellant upon advances made by him under the circumstances.

This is the only error assigned by the appellant, and upon a most careful examination of the record we are unable to find any error against him.

**2. Appeal necessary to correct errors.**    The appellees also filed exceptions to the Master's report, which were overruled by the court below. Their counsel insist here that their exceptions to the Master's report should have been sustained. We have looked through the evidence carefully, and examined the account stated by the Master. The final statement of the Master, which was adopted by the court below, is incorrect as to the credits of the appellees, which are stated in the aggregate to be $841, which, deducted from the debits, $3.159.13, left a balance due defendant of $2,318.13, the amount which the court below declared to be a lien on the plaintiff's part of the land.

The credits to which the appellees were entitled according to our finding amounted to $1,213.75, without allowing them two hundred and eighty dollars for the difference in the proven value of mules and the debt for which the defendant appropriated them.

Among the items of the account allowed to the defendant were some not connected with the purchase, or improvement of the land or taxes paid thereon, but were

purely personal. It was error to declare the amount of these to be a lien upon the plaintiff's interest on the lands.

The appellees did not appeal from the decree of the court below or take a cross-appeal here.

Section 1093 Gantt's Digest provides that " no written assignment of error shall be necessary, but the judgment may be reversed or modified for any error appearing in the record to the prejudice of appellant or cross-appellant."

Section 1092 says " the appellee at any time before trial, by an entry upon the records of the Supreme Court, may pray and obtain a cross-appeal against the appellant or any co-appellee in whose favor any question is decided prejudicial to such party."

Finding no error in the record to the prejudice of the appellant, we are compelled to affirm the decree of the court below notwithstanding the existence of errors to the prejudice of the appellees. This court cannot correct errors unless brought before it in the mode prescribed by law.