Helena v. Wooten.

Opinion delivered March 13, 1911.

1.  Municipal corporations—encroachment on sidewalk—awning.— Under the power given by Kirby's Digest, § 5648, to municipal corporations to prevent or remove encroachments or obstructions upon any of the streets or sidewalks, a city is authorized to require wooden awnings over sidewalks to be removed, although they are in good repair, and were erected in compliance with the terms of an ordinance then in force.   (Page 158.)

2.  Same—notice to remove encroachment.—An ordinance requiring the removal of stationary awnings over sidewalks is not invalid because it fails to require that notice shall be given to the owner of the building to remove the awning.   (Page 159.)

Appeal from . Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*W. G. Dinning,* for appellant.

The ordinance is a valid exercise of the powers granted by statute to the city council.   Kirby's Dig. § 5648.   It is not unreasonable.   88 Ark. 263; 52 Ark. 301; 64 Ark. 152; 146 N. C. 527; 60 S. E. 413; 20 L. R. A. (N. S.) 145; 26 L. R. A. 340, 343; 53 Atl. 202; 55 Atl. 1132; 57 Atl. 267; 50 N. E. 256; 14 N. E. 451. It is clearly a police regulation and within the powers vested by law in the municipality.   The fact that the awning was erected in accordance with the provisions of a former ordinance does not take away from the city the power to act under the later ordinance.   A municipality cannot divest itself of its police powers. 72 Ark. 556, 564, 565; 202 Mo. 690; 100 S. W. 627.

*Moore & Vineyard,* for appellee.

1.   The authority given under the statute upon which appellant relies is to prevent or remove obstructions upon the streets, sidewalks, etc., of a city, and the evident intention of the Legislature was to provide for. the removal of any such encroachments or obstructions erected in violation of an ordinance prohibiting

the same.   Kirby's Dig., § 5648, subdiv. 3.   The latter part of
the section, "* * * or to punish for its continuance, after an order
has been made by the city council or the police court *for its re-
moval or abatement,"* clearly shows the legislative intention.   The
ordinance in question does not require the removal of the awning
in controversy, and there was no order by the city council or
police court for its removal or abatement as required by statute.

2.   The encroachments and obstructions prohibited by the
statute are "* * * buildings, fences or structures of any kind,
posts, trees or any other matter or thing whatever * * *."   The
latter clause, "or any other matter or thing whatever," under the
well-established rule of statutory construction, refers to matters
and things similar to those enumerated preceding said clause, and
evidently refers to obstructions and encroachments which rest
upon or are attached to the street or sidewalk.   17 N. W. (Mich.)
272; 15 Mich. 54; 4 Dillon, Mun. Corp. 730.

3.   The awning was not a nuisance.   "The power of regula-
tion of real estate proprietors in the use and improvement of their
property extends only to erection, alteration and repair."   28 Cyc.
736; 13 L. R. A. 481; 134 N. Y. 163; 69 N. J. 182.

4.   The ordinance is unreasonable.   It does not provide for
the removal of awnings erected prior to its passage, neither does
it provide for any notice to property owners who had previously,
under authority of the former ordinance, erected awnings to
remove the same.

HART, J.   G. A. Wooten was convicted in the police court
of the city of Helena for "failure to remove awning as provided
by ordinance No. 1426" of said city.   He appealed to the circuit
court, and on a trial *de novo* was acquitted.   The city prosecutes
this appeal to reverse the judgment rendered.   The facts are
agreed upon, and are substantially as follows:   Wooten owns a
brick building in that part of the city of Helena wherein it is
made unlawful by the ordinance under which this prosecution
was commenced to maintain or continue to use other than folding
and adjustable awnings made of cloth or like material upon
frames of wood or iron.   There is now attached to the front of
said building an awning that is not adjustable, and which is not
such an awning as is required by said ordinance.   The awning
extends over a portion of Cherry Street within the district cov-

ered by said ordinance.   At the time said awning was constructed there was an ordinance of the city making it lawful to construct same in the manner and of the materials of which said awning was constructed. Said awning was at the time of the commencement of the prosecution and is now in a good and safe condition. It is also admitted that in the event a fire should occur in the second story of said building, the awning might and probably would, to some extent, interfere with the work of the firemen in their effort to extinguish the flames.   The chief of the fire department of the city testified that he had had many years' experience in that department, and knew that an awning such as the one now being used by Wooten on the building on Cherry Street interferes materially with the work of the fire department in its efforts to extinguish fires.

It is also agreed that Wooten was duly notified to remove the awning, but failed and refused to do so.   The ordinance which he was charged with violating was passed under the power given the council by the third subdivision of section 5648 of Kirby's Digest, which reads as follows:   "To punish, prevent or remove encroachments or obstructions upon any of the streets, sidewalks, wharves or other public grounds of such city, by buildings, fences or structures of any kind, posts, trees, or any other matter or thing whatsoever, and no statute of limitation or lapse of time that any such obstruction or encroachment may have existed, or been continued, shall be permitted as a bar or defense against any proceedings or action to remove or abate the same, or to punish for its continuance, after an order has been made by the city council or the police court for its removal or abatement."

This section contemplates that municipalities shall have control over their streets.   An awning is a structure which extends in whole or in part over the sidewalk, and, being constructed for private purposes, if unauthorized, it is an encroachment on the street.   Hence the common council of a city is authorized, on account of their liability to fall, to forbid the erection of wooden awnings, whether supported by posts or not, and to remove the same. *Fox* v. *Winona*, 23 Minn. 10.

In the case of *Hibbard* v. *Chicago*, 173 Ill. 91, 40 L. R. A. 621, the court said: "The right of the public to the exclusive use of the streets for public purposes is inconsistent with the right

to encroach thereon by the erection of a permanent structure. The streets are held in trust by the municipality, and this fact prevents the municipality from authorizing any encroachment on or obstruction of them by such structure." In that case the court held that the awning was an encroachment on the street of the city.

In the case of *Small* v. *Edenton,* 146 N. C. 527, 20 L. R. A. (N. S.) 145, the court held: "1. A municipal ordinance requiring the removal of stationary awnings from over its sidewalks is reasonable. 2. The court, and not the jury, must determine the question of the reasonableness of a municipal ordinance requiring the removal of stationary awnings from over the sidewalks where the question of the good faith of the municipality is not involved."

It is true the agreed statement of facts shows that Wooten had a stationary awning supported by braces or brackets, and that it was in good repair; but it can not be said that the ordinance requiring the removal of awnings of that kind was needlessly or capriciously passed; for the chief of the fire department testified that the awning would interfere materially with the work of the fire department in extinguishing fires. Besides, while the awning was erected in compliance with the terms of an ordinance then in force, the evidence does not show how long the awning had been erected, and the presumption in such cases, as stated in *Small* v. *Edenton, supra,* is "that the owners of the awnings erected have been fully compensated by the use and enjoyment of same for all expenditures made upon the faith of the permission or license obtained from the city."

Again, it is objected that no notice was provided in the ordinance to be given the owner of the building to remove the awning. But the agreed statement of facts shows that Wooten was "duly notified to remove said awning" and refused to remove the same. We hold that the ordinance was expressly authorized by the statute, and is valid.

It follows that the judgment must be reversed, and the cause remanded for a new trial.