## SANDER *v.* BLYTHEVILLE.

### Opinion delivered May 19, 1924.

1. MUNICIPAL CORPORATIONS—PROHIBITION OF FILLING STATIONS IN STREET.—Const., art. 12, §§ 3 and 4, and Crawford & Moses' Dig., §§ 7493-4, 7607-8, do not limit the power of a municipality to prohibit, by ordinance, filling stations and other service appliances on streets, alleys, or sidewalks within the fire limits of a city.

2. MUNICIPAL CORPORATIONS—GENERAL WELFARE CLAUSE.—Under the general welfare clause of Crawford & Moses' Dig., §§ 7493-4, a city council has a broad discretion in determining what is necessary for the public welfare, safety and convenience of the city's inhabitants.

3. MUNICIPAL CORPORATIONS—CITY COUNCIL'S DISCRETION.—Though a filling station, while a purpresture, was not a public nuisance, a city council had the discretion to determine whether the welfare of the city demanded the abatement of such structures, and, unless such discretion was exercised in an arbitrary manner or invaded constitutional rights of property, it would not be interfered with.

4. MUNICIPAL CORPORATIONS—DISCRIMINATION AGAINST FILLING STATION.—That a municipal corporation permitted "drive-in" filling stations on private property to operate, though it was necessary to drive across sidewalks to reach them, and the fire hazard was greater than a particular street filling station, did not show that an ordinance prohibiting filling stations located within the boundaries of public streets was arbitrary and discriminatory.

5. PLEADING—FILLING STATION—OPERATION BY CITY'S PERMISSION.— In an action to enjoin the enforcement of an ordinance prohibiting filling stations within the streets, though plaintiffs did not allege that their station was operated by the city's permission, it will be presumed that it had been.

6. MUNICIPAL CORPORATIONS—PERMIT FOR STREET FILLING STATION.— A city council has no power, under statute, to permit permanent

operation and maintenance of a filling station in the street, and such a license, if granted, would confer no vested or irrevocable right to operate such filling station.

7. MUNICIPAL CORPORATIONS—PRESUMPTION OF VALIDITY OF ORDINANCE.—A municipal ordinance is presumed to be valid, and one challenging its validity as being arbitrary and discriminatory must make it appear so by clear and satisfactory evidence.

8. APPEAL AND ERROR—WAIVER OF RIGHT TO RELIEF ON CROSS-COMPLAINT.—Where, after demurrer was sustained and plaintiff's complaint dismissed, defendants did not ask judgment on their cross-complaint, and prosecuted no appeal from the court's failure to grant the relief sought in such cross-complaint, they cannot predicate error thereon.

Appeal from Mississippi Chancery Court; *Archer Wheatley,* Chancellor; affirmed.

*Costen & Harrison,* for appellant.

A city council cannot by ordinance condemn an act or thing as a nuisance, unless, in its nature, situation and use, it comes within the legal notion of a nuisance. It is a question of fact. 41 Ark. 526; 64 Ark. 612. The ordinance is arbitrary, unreasonable and discriminatory, in that "drive-in" stations are permitted to operate in the fire limits, and appellants are excluded from doing so. See 127 Ark. 38; 136 Ark. 298; 184 N. W. 109.

*Max B. Reid,* for appellee.

Authority for the ordinance is found in §§ 7568, 7606, 7748, C. & M. Digest. Similar ordinances have been held valid. See 98 Ark. 156; 173 Ill. 91. The cases cited by appellant are not in point. They had to do with structures and operations on private property, not on the public street. The streets of a city are dedicated for public use, and for such purpose the city council may control them. 147 Ark. 290; 138 Ark. 329; see 28 Cyc. 857 *et seq.;* 176 Ill. 397; 246 S. W. 706. The fact that appellant's filling station is a permanent structure in the streets, operated for private gain, makes it a purpresture and a nuisance *per se.* The right to exercise any discretion is vested in the council and not in the court, if the ordinance is not arbitrary. 136 Ark. 298. The validity must be judged by its purport and effect. 88

Ark. 263. The cause should be remanded for a hearing on the cross-complaint, which may be done in the chancery court, since it has acquired jurisdiction. 70 Miss. 678; 21 C. J. 100. The right to recover the penalty is expressly granted by §§ 7735 and 7559 of C. & M. Digest.

*Costen & Harrison,* in reply, for appellant.

Appellee failed to file any cross appeal, and is barred from asking any relief thereunder. 44 Ark. 25. Penalties are not enforced by chancery courts. 229 Fed. Rep. 479; 45 So. 922; 170 S. W. 1194.

Wood, J. On the 5th day of December, 1922, the city council of the city of Blytheville passed the following ordinance:

"Section 1. That all gasoline filling stations, gasoline pumps, oil tanks, water hydrants, air service appliances or other automobile service equipment which is now erected, operated and maintained, or which may hereafter be erected, operated or maintained, upon the streets, alleys or sidewalks within that portion of the city of Blytheville heretofore set out and designated as the fire limits, or within one block of any church or school building within the city of Blytheville, are hereby declared to be public nuisances, forbidden to operate, and hereby ordered abated on or before January 1, 1923.

"Section 2. It shall, on and after January 1, 1923, be unlawful for any person, firm, corporation or association of persons to erect, operate, or maintain upon the streets, alleys or sidewalks within that portion of the city of Blytheville heretofore set out and designated as the fire limits, or within one block of any church, school building within the city of Blytheville, any gasoline filling station, gasoline pumps, oil tanks, water hydrants, air service appliances or any other automobile service equipment.

"Section 3. Any person, firm, corporation or association of persons found guilty of violating any of the provisions of this ordinance shall be deemed guilty of a misdemeanor, and upon conviction therefor shall be fined the sum of fifteen dollars; and each day's violation of

this ordinance shall be deemed a separate offense, and be punishable accordingly.

"Section 4. That all ordinances or parts of ordinances in conflict herewith are hereby repealed, and this ordinance shall take effect and be in force from and after the first day of January, 1923."

This action was instituted by the appellants against the appellees, the mayor and chief of police of the city of Blytheville, to enjoin the enforcement of the above ordinance. They set out the ordinance in their complaint and allege that they maintain a gasoline filling station within the fire limits of the city of Blytheville as set out and defined in the ordinance. They allege that the tank for the gasoline is constructed underneath the city pavement with all the safeguards and protection against fire, and that the gasoline pump connected with the tank does not extend into the street, but is located between the sidewalk and curb line of the street; that the water hydrant, oil tanks and air service appliances are located at the front of their building, between the sidewalk and curb line of the street, and are in no sense a public nuisance. They say that their station is not within several blocks of any public school or church. They set up that there are two gasoline filling stations within the heart of the city and within the fire limits of the city, known as "drive-in" stations, so situated and so constructed as to subject the inhabitants of the city to much greater danger from fire than the filling station of appellant, yet the ordinance prohibiting the appellant from operating does not prohibit these drive-in stations from operating, and that the ordinance therefore arbitrarily destroys the business of the appellants while protecting that of the stations mentioned and gives the drive-in stations a monopoly on the gasoline business in the city of Blytheville, and that the ordinance thus deprives appellants of their property without due process of law, in violation of the Constitution of Arkansas and of the Fourteenth Amendment to the Constitution of the United States, and is therefore unreasonable, discriminatory and void.

The appellees demurred to the complaint on the general ground that it did not state a cause of action. The appellants stood on the complaint, and the court entered a decree dismissing the complaint, from which is this appeal.

1.    The question presented by this appeal is whether the ordinance under review is unconstitutional and void because it prohibits gasoline filling stations, gasoline pumps, oil tanks, water hydrants, air service appliances or other automobile service equipment therein designated, on the streets, alleys or sidewalks within the fire limits of the city of Blytheville. Under our Constitution the General Assembly shall provide by general laws for the organization of cities and towns, and no municipal corporation shall be authorized to pass any law contrary to the general laws of the State. Article 12, §§ 3 and 4, Const. of 1874.

Sections 7493 and 7494 of Crawford & Moses' Digest provide that municipal corporations shall have power to make and publish from time to time such by-laws or ordinances not inconsistent with the laws of the State as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort and convenience of the inhabitants thereof.

Section 7568 of the Digest confers upon municipal corporations the power "to lay off, open, widen, straighten and establish, to improve and keep in order and repair, * * * streets, alleys and public grounds."

Section 7607 provides that "the city council shall have the care, supervision and control of all the public highways, bridges, streets, alleys, public squares and commons within the city; and shall cause the same to be kept open and in repair, and free from nuisance."

Section 7748 confers upon municipal corporations the power "first, to regulate the use of sidewalks, and all structures and excavations thereunder, and to require the owner or occupant of any premises to keep the sidewalks in front or alongside the same free from obstruc-

tions, and to build and maintain suitable pavement or sidewalk improvements there along, wherever the same may become necessary to the safety or convenience of travel.  * * *  Fourth, to punish, prevent or remove encroachments or obstructions upon any of the streets, sidewalks, wharves or other public grounds of such city, by buildings, fences, or structures of any kind, posts, trees, or any other matter or thing whatsoever, and no statute of limitation or lapse of time that any such obstruction or encroachment may have existed, or been continued, shall be permitted as a bar or defense against any proceeding or action to remove or abate the same, or to punish for its continuance, after an order has been made by the city council or the police court for its removal or abatement.''

Under these constitutional and statutory provisions there is certainly no limitation upon the power of the city council of the city of Blytheville to prohibit by ordinance the operation and maintenance of gasoline filling stations, gasoline pumps, oil tanks, water hydrants, air service appliances, or any other automobile service equipment upon the streets, alleys, or sidewalks within the fire limits of the city, as provided by the ordinance under review. In exercising the power conferred upon it under the general welfare clause of the statute, the city council has broad discretion to determine what is necessary for the public welfare, safety, comfort and convenience of the inhabitants of the city. The city council likewise has a similar discretion in determining what character of structure may be erected and maintained upon, over, or under the streets, alleys and sidewalks of the city so long as such structure does not constitute *per se* a common nuisance. ''A purpresture is an encroachment upon the street, which the municipality may or may not tolerate at its option if same be not also a public nuisance.'' *Ruffner* v. *Phelps,* 65 Ark. 412; *Owens* v. *Atkins,* 163 Ark. 82. Under the allegations of the appellants' complaint, their filling station, while a purpresture, was not a public nuisance *per se* because they alleged that it was con-

structed with all safeguards and protection against fire and so as not to create any hazard or risk from that source, and likewise that its appliances do not extend into the street but are located between the sidewalk and curb line of the street, and therefore were not in any sense a public nuisance. But, notwithstanding these allegations, it was nevertheless within the option or discretion of the city council to determine whether the welfare of the city demanded the abatement of these structures; and, unless such discretion was exercised in an arbitary, discriminatory and unreasonable manner, or in such manner as to invade the constitutional rights of property, the court will not interfere and declare the ordinance void. See *North Little Rock* v. *Rose,* 136 Ark. 298, and cases there cited.

The complaint does not contain any allegations which show that the ordinance is unreasonable, arbitrary and discriminatory, or that it invades appellants' constitutional right to own and use their property. The fact that the city council permitted the operation of other stations, known as "drive-in stations," which were not situated on the street but on private lots, would not tend to show that the ordinance under review was discriminatory, even though, in order to reach these drive-in stations, it was necessary to drive across the sidewalks of the city, and even though the fire hazard was greater from such stations than from the filling station of appellants. Such "drive-in" stations, being situated upon private lots, they cannot be brought within the same class as the filling station of the appellants, which is within the boundaries of the street. Comparison cannot be made between filling stations situated on private lots and filling stations situated within the boundaries of the street in order to determine whether the ordinance be discriminatory and unreasonable. The right of the city council to pass the ordinance under consideration is predicated upon the fact that the filling station of appellants is within the street of the city and therefore a purpresture, which the council, by an ordinance which is not arbi-

trary, discriminatory or unreasonable, has the right to remove.

The complaint does not allege that the appellants had hitherto operated and maintained their filling station by the permission of the city, but, in the absence of such allegation, the presumption would be that they have done so. Nevertheless, a city council has no power under our statute to grant a permit to permanently operate and maintain a filling station in the street. So, if such license had been granted to the appellants, it did not confer any vested or irrevocable rights upon the appellants to operate such filling station.

In *Kayser* v. *Boise,* 30 Idaho 440, it is held that "the holder of a permit to install an obstruction in a public street or thoroughfare has no property or contractual right by reason of the issuance to him of such permit; and whenever the city authorities, in their discretion, deem it necessary as a proper police measure to vacate and revoke such permit, the holder of the same has no alternative, but must comply with the order of revocation." *Hibbard & Co.* v. *Chicago,* 173 Ill. 91, 50 N. E. 256, 40 L. R. A. 621; *Snyder* v. *Mount Pulaski,* 176 Ill. 397, 44 L. R. A. 407.

In the case of *Packet Co.* v. *Sorrels,* 50 Ark. 466-473, we held that the authorities of the town or city cannot lawfully appropriate or convert a street to uses and purposes foreign to those for which it was dedicated. See also *Helena* v. *Wooten,* 98 Ark. 156-59, and *Osceola* v. *Haynie,* 147 Ark. 290.

Now, there is a presumption in favor of the ordinance, and one who challenges its validity, alleging it to be arbitrary, discriminatory and unreasonable, should make it so appear by clear and satisfactory evidence. *North Little Rock* v. *Rose, supra; Standard Oil Co.* v. *Kearney,* 184 N. W. 109. The allegations of fact set up in appellants' complaint, admitting them to be true, are not sufficient to show that the ordinance under review was invalid. The court therefore did not err

in sustaining the demurrer and dismissing the appellants' complaint.

2.    The appellees filed a cross-complaint, asking that the city be allowed to recover the sum of $15 per day as a penalty against the appellants for operating their filling station contrary to the ordinance. But, after the demurrer was sustained to the appellants' complaint and the complaint was dismissed, the appellees did not then ask the court to render judgment on their cross-complaint. They did not invoke and obtain a ruling on their cross-complaint, and there is no appeal from the failure of the court to grant the relief sought in such cross-complaint. *Turner* v. *Turner*, 44 Ark. 25. The appellees therefore are not in an attitude to predicate error upon the failure of the court to rule upon their cross-complaint. The decree is in all things correct, and it is therefore affirmed.