HUIE *v.* BARKMAN.

Opinion delivered June 17, 1929.

*R. W. Huie, Jr.,* and *Joseph Callaway,* for appellant.

Smith, J. Appellants brought this suit to obtain a writ of mandamus to compel the board of commissioners of an improvement district to issue them a voucher in payment of services rendered by them for the district. No answer was filed to the petition, and Leslie Goodloe, one of the commissioners, in a deposition testified as follows: Witness, together with Clark and Barkman, composed the board of commissioners of Paving Improvement District No. 4 of Arkadelphia. Witness was secretary and Barkman was chairman of the board. Appellants Huie and Callaway were from the beginning of the district its attorneys, and, upon the completion of the improvement, they presented for allowance and payment an account for the balance due as attorney's fees. A thousand dollars had been paid, and $2,000 in addition was claimed. The board allowed the claim, although Barkman, the chairman, refused to vote for its allowance or to put the question to a vote.

The validity of the district was hotly contested. The improvement cost $220,000, and a majority of the board thought the fee reasonable, and ordered it paid. The minutes of the board meeting allowing the fee and ordering it paid were read in evidence. Witness, as secretary of the board, issued and signed two vouchers each for $1,000. Barkman, as chairman of the board, signed one, but refused to sign the other, whereupon this suit was brought.

In denying the writ prayed, the learned circuit judge. expressed the opinion that the petitioners had an adequate remedy at law, this remedy being to sue the district and to obtain judgment, and for this reason the writ was denied.

Numerous cases in our reports have announced the circumstances under which a writ of mandamus may issue. It is not a writ of right, and it can never be issued to control the discretion of an officer whose action or duty to act depends upon the exercise of official discretion. As has been frequently said by this and other courts, mandamus is not a writ which may be used to establish a right, but is one which can be used only to enforce a right already existing. *Carter* v. *Marks,* 140 Ark. 331, 215 S. W. 732. An early and leading case on the subject is that of *School District* v. *Bodenhamer,* 43 Ark. 140. In that case suit was brought by a school-teacher to recover an alleged balance due for teaching. Judgment was recovered by the plaintiff, to reverse which it was insisted on the appeal that the plaintiff's remedy was mandamus to compel the directors to issue an order upon the county treasurer for her wages. In holding that mandamus was not the remedy in that case and that the plaintiff had properly sued and recovered judgment, the court said: "The writ of mandamus is frequently employed to compel public corporations to perform their duties toward their creditors. But there must first be a judgment to establish the validity and amount of the debt."

Here, however, there was no necessity to establish the right of petitioners to their fee, nor was there any attempt to do so. That fact had already been ascertained and determined by a majority of the board clothed with the power and charged with the duty of determining the validity of the claim.

The proceedings out of which the litigation arises were authorized by the chapter on Municipal Improvement Districts, § 5647 *et seq.,* C. & M. Digest, and by § 5742 of this chapter it is provided that "any duty re-

quired to be performed by this act may at any time be enforced by mandamus at the suit of any person or board interested therein.''

There is no question of fraud in the allowance of this claim. It has been allowed in the manner provided by law, and the only question is, how shall its payment be enforced? Section 5656, C. & M. Digest.

It may be that suit might have been brought and judgment recovered and the payment of the demand enforced in this way, and it was upon this theory that the circuit court denied the prayer for the writ. But at § 45 of the chapter on Mandamus, 18 R. C. L., page 132, it is said: ''To exclude resort to mandamus on the ground that the relator has another remedy, such remedy must be an adequate one and well adapted to remedy the wrong complained of; if it is inconvenient or incomplete, the court exercises a sound discretion in granting or refusing the writ.'' Had judgment been recovered, resort to mandamus might have been required to compel the chairman of the board to issue a voucher in payment of it. *Breslin* v. *Earley,* 36 Pa. Sup. Ct. Rep. 49.

At § 44 of the text just cited and quoted from, page 132, it is said: ''Where a statute provides that mandamus will lie in all cases where it affords an appropriate remedy for the enforcement of a legal right, without regard to whether there may be some other adequate remedy or not, the general rule as to the nonexistence of another adequate remedy does not apply.''

The legal right of appellants to have issued a voucher having been determined by the action of the board of commissioners, that right may be enforced under the section of the statute above quoted, and the judgment of the court below will be reversed, and the cause remanded, with directions to the circuit court to order the issuance of the writ.