STATE EX REL. LATTA *v.* MARIANNA.

Opinion delivered June 1, 1931.

928

*Smith & Fitzsimmons,* for appellant.

*John L. Daggett* and *Mann & McCulloch,* for appellee.

BUTLER, J. The State of Arkansas on the relation of B. F. Latta, the appellant, filed its petition for mandamus in the Lee County Circuit Court, which petition, after alleging that Marianna was a city of the first class, that certain named persons were the mayor and aldermen of said city, that the petitioner, Latta, was a taxpayer of the city and an owner of valuable property fronting on Main Street, which was one of the principal thoroughfares and business districts of Marianna running east and west, and bisected by Poplar Street, which streets, with their sidewalks, had been public streets for more than twenty years, no private ownership or interest in any portion of said streets having existed for that length of time, further alleged: That W. S. McClintock was the owner of a lot located on the southwest corner of Main and Poplar streets, near the business property aforesaid, belonging to the petitioner; that at some time prior to October, 1929, McClintock asked and obtained permission of the city council to tear down the buildings then located on said property and to erect a two-story brick building on the site of the old one; that, in order to remove the debris, it would be necessary to use a part of the street and all of the sidewalk, and asked and obtained permission to make this obstruction. The council voted "to grant all of Mr. McClintock's requests, and he was informed that he was at liberty to proceed according to his

own plans," that, pursuant to the request and permission aforesaid, McClintock proceeded with the demolition of the old building and caused to be erected on its site a modern two-story brick building with a basement; that, as a means for gaining entrance to the basement, he appropriated one-half of the eight-foot sidewalk abutting on said building and caused to be cut through the same an aperture of sufficient width to permit private passage; that in this aperture he caused to be constructed a series of concrete steps as a means of ingress and egress, and on the north side of the opening was placed a heavy iron railing about 34 feet long spiked on top; that the contact of said aperture with the sidewalk is at all times open at the east end and unprotected; that the said McClintock caused to be cut through the sidewalk a second opening to the west of that before mentioned, similar in width and approximately 30 feet long, and unprotected on the west; that said appropriation of the sidewalk was unauthorized and deprived the public of the use of one-half of the same, leaving an insufficient space for pedestrian traffic; that the petitioner, a taxpayer and citizen, was inconvenienced, harassed, and his business conducted on the property aforesaid damaged because of the maintenance of the purprestures and apertures, and that the public, as a class, is inconvenienced and, without the authority of law, is deprived of the free and uninterrupted utility of the sidewalk for a distance of sixty feet where traffic is heaviest, and that such obstructions constitute a public nuisance and are a nuisance *per se.*

The petitioner further alleged that, on the first of October, 1929, on notice to McClintock, he petitioned the city council for an abatement of the nuisance, and that upon presentation of the petition it was denied. The prayer of the petition was for an issuance of a writ of mandamus directing the mayor and aldermen to abate the nuisance. To this petition a demurrer was interposed on the grounds, (1), that there was a defect of

parties defendant; (2), that the petition does not state facts sufficient to constitute a cause of action, and, (3), that the court was without jurisdiction over the subject-matter. The court sustained the demurrer and dismissed the petition, from which judgment is this appeal.

It is the contention of the appellant that the language of § 7606 of Crawford & Moses' Digest places an imperative duty on the part of the city council to keep open and in repair the streets and sidewalks, and, since the admitted allegation of the petition shows that there was an obstruction of the sidewalk, the city council was without authority to authorize or acquiesce in the obstruction, was without discretion in the matter, and therefore mandamus was the proper remedy. Section 7607, *supra,* is as follows: "The city council shall have the care, supervision and control of all the public highways, bridges, streets, alleys, public squares, and commons within the city; and shall cause the same to be kept open and in repair, and free from nuisance.

The city council indubitably has the power to supervise and control the streets and sidewalks of the city, with authority to cause to be removed any structure which encroaches upon the same, nor is this power lost because of inaction of the city governing body for a long period of time. Section 7748, Crawford & Moses' Digest; *Helena* v. *Wooten,* 98 Ark. 158, 135 S. W. 828. Neither can the municipal authorities alienate or authorize a use inconsistent with the right of the public to the reasonable use and enjoyment of these public ways. *Beebe* v. *Little Rock,* 68 Ark. 39, 56 S. W. 791; *Lester* v. *Walker,* 177 Ark. 1101, 9 S. W. (2d) 323. It follows that the city council might, if it saw fit, cause the obstruction complained of to be abated. *Sander* v. *Blytheville,* 164 Ark. 434, 262 S. W. 23.

By § 7748, Crawford & Moses' Digest, power is given municipalities, such as the city of Marianna, to regulate the construction and use of street and sidewalks within its limits. That portion of the section pertinent to the issue here presented is as follows:

"In order to better provide for the public welfare, safety, comfort and convenience of the inhabitants of cities of the first class, the following enlarged and additional powers are conferred upon cities of the first class, viz., to regulate the use of sidewalks and all structures and excavations thereunder, and to require the owner or occupant of any premises to keep the sidewalks in front or alongside of the same, free from obstruction, and to build and maintain suitable pavement or sidewalk improvements therealong, whenever the same may become necessary to the safety or convenience of travel, and to designate the kind of sidewalk improvement to be made and the kind of material to be used by such owner or occupant at the time within which such improvement is required to be completed. Provided, the kind and character of sidewalk improvement for the same street and block shall be uniform. * * *

"Third, to alter or change the width or extent of streets, sidewalks, alleys, avenues, parks, wharves, and other public grounds and to vacate or leave out such portion thereof as may not for the time being be required for corporate purposes, and where lands have been or may be required or donated to such city for any object or purpose which has become impossible or impracticable, the same may be used or devoted for other proper public or corporate purposes, or sold by order of the city council and the proceeds applied therefor.

"Fourth, to punish, prevent or remove encroachments or obstructions upon any of the streets, sidewalks, wharves or other public grounds of said city, by buildings, fences, or structures of any kind, posts, trees, or any other matter or thing whatsoever, and no statute of limitation or lapse of time that any such obstruction or encroachment may have existed or been continued shall be permitted as a bar or defense against any proceeding or action to remove or abate the same, or to punish for its continuance, after an order has been made by the city council or the police court for its removal or abatement."

Such are the varied uses and conflicting interests of city life that, as is said in Ex parte *Foote,* 70 Ark. 12, 65 S. W. 706: ''Much must necessarily be left to the discretion of the municipal authorities, and their acts will not be judicially interfered with unless they are manifestly unreasonable and oppressive, or unwarrantably invade private rights or clearly transcend the powers granted them.'' In the case of *Sander* v. *Blytheville, supra,* the court said: ''The city council, likewise, has a similar discretion in determining what character of structure may be erected and maintained up, over, or under, the streets, alleys and sidewalks of the city so long as such structure does not constitute *per se* a common nuisance.'' In the case of *Ruffner* v. *Phelps,* 65 Ark. 412, 46 S. W. 728, it is said: ''A purpresture is an encroachment upon the street which the municipality may or may not tolerate at its option, if the same be not also a public nuisance.''

On a consideration of the statutes and decisions above cited, we conclude that the correct rule is that the governing body of municipalities may, within its discretion, permit an encroachment upon the streets or sidewalks where such encroachment is not of such nature as to necessarily prevent the reasonable and proper use by the public, and which does not of itself constitute a common nuisance. The facts, as presented by the petition in this case, do not show a complete obstruction of the sidewalk, but only a partial obstruction, nor does it show any special damages suffered, and the allegation that it is a nuisance *per se* states but a conclusion of law which is not supported by the facts alleged. We are of the opinion that the allegations sufficiently show that the obstruction was made with the assent of the city council, and its refusal to abate such obstruction is a proper exercise of its discretion.

If the council erred in the exercise of its power, mandamus is not the remedy to correct the same. It is not a writ of right and can never be issued to control the

discretion of an officer whose action or duty depends upon the exercise of official discretion. *Jones* v. *Adkins,* 170 Ark. 298, 280 S. W. 389; *Huie* v. *Barkman,* 179 Ark. 772, 18 S. W. (2d) 334.

While the petitioner alleges that he has been damaged, no facts are stated as a basis for this statement; but if he has suffered special damages, mandamus is clearly not his remedy, but he may proceed in the manner pointed out in the case of *Lincoln* v. *McGehee Hotel Co.,* 181 Ark. 1117, 29 S. W. (2d) 668.

Other questions are raised by counsel which, in view of the conclusion reached, it is unnecessary for us to discuss or determine. It follows from the views expressed that the judgment of the trial court is correct, and it is therefore affirmed.