CITY OF FORT SMITH v. VAN ZANDT.

4-5250                                      122 S. W. 2d 187

Opinion delivered November 21, 1938.

92

*Fadjo Cravens*, for appellant.

*R. S. Wilson*, for appellee.

McHANEY, J. Appellants are the city, the mayor and board of commissioners of Fort Smith. Appellee brought this action to enjoin them from constructing along the center of Midland Boulevard in said city a dividing curb, separating the northbound traffic from the southbound and making of said boulevard a four-lane highway. The city adopted a resolution authorizing said construction which permitted crossings only at street intersections. Appellee owns and operates a tourist and trailer camp on said boulevard, his property fronting thereon about 105 feet and the center of his property is approximately half way between the intersecting streets of Dartmouth and Albert Pike Avenue. The block in which his property is located is 597 feet long. Appellee insisted that an opening in said center curb be left at a point opposite the center of his property so that northbound traffic could turn to the left in the center of the block and enter his property without the necessity of driving to the next street intersection and returning. Appellants refused to do so and this suit followed. The complaint alleged the above facts and that prior to the construction of his said camp he secured permission from the city to construct

and maintain two driveways or openings across the center of said boulevard and proposed to pave the crossings, but was advised not to do so because of the contemplated improvement thereof; that the city had entered into an agreement with the WPA for the widening of said boulevard and the construction of said center curb; that the plans for same provide no opening for his property; and that the construction of said curb will greatly damage and depreciate the value of his property to the extent of $7,000. The answer admitted that the city proposed to make the improvements aforesaid; that prior to the institution of this suit the Fort Smith district of Sebastian county sponsored a Works Progress Administration project for the making of said improvements; that before the U. S. Bureau of Public Roads would approve said project it insisted upon said center curb to divide said roadway into four lanes of traffic as aforesaid, with the provision that no crossing be allowed except at intersecting streets; that appellants found on investigation that the WPA requirement as to crossings was necessary and expedient for the protection of persons and property using said boulevard and adopted the resolution above referred to; that it is a continuation of U. S. and state highways through said city and one of the most used highways entering and passing through the city; that many persons have applied for permission to construct crossways across said boulevard at points other than street intersections, but all have been refused since the adoption of said resolution; that if crossways are permitted between street intersections, operators of vehicles will turn into and cross traffic moving in the opposite direction, thereby increasing traffic hazards and endangering persons and property thereon; that if appellee is permitted to compel the city to grant the right sought, then others operating businesses facing on said boulevard can compel the permission of crossways, thereby multiplying the traffic hazards and in effect destroy the very object of the construction of said center curb.

Trial resulted in a decree for appellee, granting the relief prayed. The court found that the construction of said center curb would materially damage appellee's

property and that said resolution is unreasonable, arbitrary and partly discriminatory. The case is here on appeal.

We think the learned trial court erred in so holding. We cannot agree that the resolution adopted is either arbitrary, unreasonable or discriminatory. It may be true that appellee's property will be adversely affected, but no more so than any other property similarly situated. On the contrary, it appears to be reasonably necessary for the safety of persons and property and for the proper control or handling of traffic. It is undisputed that Midland Boulevard carries very heavy traffic; that it is a continuation through the city of two important U. S. highways and one state highway; and that an unbroken, except at street crossings, middle curb separating the four traffic lanes is proper construction and reasonably necessary under modern conditions of highway travel. It is not contended by appellee that such a construction constitutes a nuisance, but only that it unreasonably interferes with his business. It is true the block in which his property is located is longer than the ordinary city block by about 200 feet, thereby causing northbound persons who wished to enter his place to travel a short distance further than they would if it were only the length of an ordinary city block. Certainly this could not form the basis for declaring the ordinance unreasonable or arbitrary.

There can be no doubt that the city has the power and the duty to make reasonable provision for the safety of persons and property using its streets by the enactment of ordinances, resolutions or by-laws looking to that end, and that the city council or commission, or other municipal authorities have a wide discretion on such matters. The power is conferred by statute. Sections 9543, 9642 and 9702 of Pope's Digest. Our decisions so hold. In *Sander* v. *Blytheville,* 164 Ark. 434, 262 S. W. 23, we held that "under the general welfare clause of Crawford & Moses' Digest, §§ 7493-4, a city council has a broad discretion in determining what is necessary for the public welfare, safety and convenience of the city's inhabitants." Syllabus 2. In the body of the opinion we

said: "Now, there is a presumption in favor of the ordinance, and one who challenges its validity, alleging it to be arbitrary, discriminatory or unreasonable, should make it so appear by clear and satisfactory evidence." Citing *North Little Rock* v. *Rose,* 136 Ark. 298, 206 S. W. 449. In the more recent case of *State ex rel. Latta* v. *Marianna,* 183 Ark. 927, 39 S. W. 2d 301, after referring to the statutes above cited, we said: "Such are the varied uses and conflicting interests of city life that, as is said in *Ex Parte Foote,* 70 Ark. 12, 65 S. W. 706, 91 Am. St. Rep. 63: 'Much must necessarily be left to the discretion of the municipal authorities, and their acts will not be judicially interfered with unless they are manifestly unreasonable and oppressive, or unwarrantably invade private rights or clearly transcend the powers granted them.' "

We, therefore, hold that, under the rules stated in the cases above cited, it cannot be said that said resolution is manifestly unreasonable or that it so interferes with appellee's business or property as to be oppressive. He cannot be more harmed than any other property owner who owns property in the middle of the block. To sustain appellee's contention would be virtually to give him the benefits and advantages of a corner lot which he does not own. Also, to sustain him would be either to discriminate against others similarly situated or to give them cross-overs in the middle of the other blocks, which latter would be to destroy the very purpose of the center curb.

We conclude that the court erred in the decree rendered. It is, therefore, reversed and the cause dismissed.

MEHAFFY and DONHAM, JJ., dissent.