KEENAN *v.* CRAIN.

4-9719                                        246 S. W. 2d 730

Opinion delivered March 10, 1952.

*Scott & Goodier, O. J. Fergeson* and *House, Moses & Holmes,* for appellant.

*R. M. Priddy* and *Caviness & George,* for appellee.

ROBINSON, J. This proceeding is an aftermath to the case of *Crain v. Keenan,* 218 Ark. 375, 236 S. W. 2d 731, decided by this court on the 19th day of February, 1951, wherein it was held that the Keenans, appellants in the case at bar, had bought certain property as trustees for Crain, the Keenans contending that they bought the property for themselves and not for Crain. Although the opinion was handed down on February 19th and petition for re-hearing was denied March 19th, no formal proceeding to carry out the mandate of this court took place in Chancery Court until April 19th, which was a very late date in view of the fact that farming land is involved and Keenan had possession. Therefore, immediate action was necessary to prevent the land from "laying out."

On April 19th a petition was filed in Chancery Court asking for a decree vesting title in Crain and that he be put in possession. The purchase price of the land was $14,000. The court rendered a decree requiring Crain to deposit in the registry of the court $16,500, which was done, and the decree vested title to the property in Crain. Later, a writ of assistance was issued to put Crain in possession. Appellants herein, the Keenans, have appealed from the decree vesting title in Crain and from

the issuance of the writ of assistance. Also, appellants assign as error the action of the Chancellor in requiring only $2,500 to be deposited in addition to the purchase price of $14,000.

On May 15, 1951, the Keenans filed a petition and answer in which they claim that, since the Supreme Court held the Keenans had purchased the property as trustees for Crain, they were only bound to carry out the agreement as Crain claimed it existed, which was that Crain was to pay $4,000 cash plus a $500 fee or commission to the Keenans, who were to deed the land to Crain and take a mortgage for the rest of the purchase price, payable in five years with 6% interest. The appellants further claim that Crain is indebted to them for other items such as interest, improvements, taxes, etc.; also, interest which would have accrued if the original obligation had been carried out and the property deeded to Crain for the consideration of $4,000 cash, plus the $500 fee with the balance to be paid in five years at 6% interest. On the other hand, Crain contends that appellants are indebted to him for rent, damage to crops, destruction of a house, etc.

Appellants' contention that Crain should not be permitted to pay the entire purchase price at one time cannot be sustained. If the Keenans had carried out the condition of the trust, then, of course, Crain would have to abide by the agreement that he pay only $4,000 cash, plus the $500 fee, and the balance in five years at 6%. But, the Keenans repudiated the trust by failing to deed the property to Crain as agreed. In these circumstances, insofar as the purchase price is concerned, equity will be done if the Keenans recover the $14,000 and interest thereon to the date the deposit was made in court, plus the fee of $500. Where the claim for interest is purely equitable as distinguished from a legal obligation, it is within the discretion of the courts to allow or refuse such interest. Each case is governed by the facts. *Turner v. Turner*, 44 Ark. 25; *Bank of Commerce v. Goolsby*, 129 Ark. 416, 196 S. W. 808.

The appellants are in no position to claim that the $2,500 deposited by Crain (in addition to the $14,000) is inadequate. The record shows that the Keenans' attorneys stated in open court that $1,943.72 was the greatest amount the Keenans were claiming in addition to the $14,000. Such statement was not denied by appellants. Thus, the court was amply justified in fixing the amount to be deposited at $2,500.

The Chancellor will decide who is indebted to whom and in what amount when the other issues raised by the pleading are tried in the Chancery Court. Furthermore, appellants claim that the rights of some lessees are involved. Suffice it to say, no lessees are parties to this suit.

The decree is affirmed.