The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, AR 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion on the following questions:
 1. Is it legal for a municipality to purchase protective awnings that will cover publicly maintained sidewalks, but which are attached to privately owned structures, if the structure owners are responsible for the installation of those awnings?
 2. If not, under what conditions may a municipality purchase and install new awnings, or repair old privately owned awnings that may present a hazard to the public?
It is my opinion that the answer to these questions will depend upon whether the particular ordinance or regulation is reasonably necessary, under the circumstances, for the safety or convenience of the municipality's inhabitants. Arkansas Code of 1987 Annotated § 14-55-102 states that municipal corporations shall have the power to "publish by-laws and ordinances, not inconsistent with the laws of this state, which, as to them, shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof." It has been stated that a city council has broad discretion, under this so-called "general welfare clause," to determine what is necessary for the public welfare, safety and convenience of the city's inhabitants. Sander v. Blytheville,164 Ark. 434, 262 S.W. 23 (1924); City of Fort Smith v. VanZandt, 197 Ark. 91, 122 S.W.2d 187 (1938). Unless this discretion is exercised in an arbitrary, discriminatory and unreasonable manner, or in such manner as to invade the constitutional rights of property, it appears that the courts will not interfere. Sander v. Blytheville, supra; State exrel. Latta v. Marianna, 183 Ark. 927, 39 S.W.2d 301 (1931).
It should also be noted that cities and towns have a similarly wide discretion in exercising "the power and the duty to make reasonable provision for the safety of persons and property using [their] streets. . . ." City of Fort Smith v. Van Zandt,supra, 197 Ark. at 94, citing A.C.A. §§ 14-55-102 (general welfare clause, supra), 14-54-601 (power of municipalities to improve streets and "keep them in order and repair"), and14-301-101 (city council has "care, supervision, and control" of all streets within the city and shall keep them "open and in repair, and free from nuisance.") There is also specific statutory authority for the supervision and control of sidewalks by the council of any city or town. A.C.A. §§ 14-301 to -107 (applicable to cities of the first and second class and towns);14-54-104 (cities of the first class); 14-54-105 (cities of the second class).
With regard to the latter provisions involving the regulation of "sidewalks" and "sidewalk improvements," it has been stated that a municipality cannot "authorize a use inconsistent with the right of the public to the reasonable use and enjoyment of these public ways." State ex rel. Latta, supra, 183 Ark. at 930
(citations omitted). It is thus clear that a municipality may require the removal of any structure which encroaches upon the streets or sidewalks. Id. See also Helena v. Wooten,98 Ark. 158, 135 S.W. 828 (1911) (holding that an awning was an encroachment on the street which may be removed by the city). It also seems clear, however, that a municipality may, within its discretion, permit an encroachment upon the streets or sidewalks, "where such encroachment is not of such nature as to necessarily prevent the reasonable and proper use by the public, and which does not of itself constitute a common nuisance." State ex rel.Latta, 183 Ark. at 932. In this regard, it has been stated that a municipality has discretion "in determining what character of structure may be erected and maintained upon, over, or under the streets, alleys and sidewalks of the city so long as such structure does not constitute per se a common nuisance."Sander v. Blytheville, supra, 164 Ark. at 439.
If a municipality, in exercising its control over streets and sidewalks, may permit the erection of a structure such as an awning, it would seem to follow that the council could determine that such a structure was in fact necessary for the public welfare, safety, comfort and convenience of the inhabitants. The municipality's purchase of the awnings in that instance would presumably be authorized. A municipality cannot authorize the use of its streets for a private purpose (other than a temporary use) from which neither the municipality nor its inhabitants derive any consideration or benefit. See 64 C.J.S. MunicipalCorporations § 1725 (1950). An authorized use for a public purpose is not, however, invalid, even though it involves an incidental private benefit. Id. In doubtful cases, the courts will presume that the use granted is public rather than private.Id.
It thus appears that your questions ultimately require a factual determination with regard to the need for the awnings. Questions may also remain concerning the uniformity of application of any ordinance or regulation adopted by the municipality. These questions should, therefore, be presented to the municipality's local counsel for review under the particular facts.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh