The Honorable Mike Todd State Senator 333 West Court Street Paragould, AR 72450
Dear Senator Todd:
This is in response to your request for an opinion on several questions regarding the City of Paragould's participation in drainage improvements occurring within the city but on property owned by a drainage district. You state in your request that Paragould is planning to do some extensive drainage work on the Eight Mile Creek that dissects the city. You note that much of the property along the Eight Mile Creek is owned by the Eight Mile Creek Drainage District. You also note that the Corps of Engineers will pay 80% of the cost, and that the remaining 20% will have to be paid by a local source. Based upon these facts, you have asked the following questions:
 (1) Can the city use funds earmarked by ordinance for streets and drainage for the city's matching portion of the Eight Mile Creek project?
 (2) Can the city be involved in a project dealing with the Eight Mile Creek if the property where the creek is located is owned by a drainage district?
 (3) If your answer to the first question is "no," can the city proceed with the project if work easements are obtained from the Eight Mile Creek Drainage District as well as other owners?
The answer to your first question may depend, in large part, upon the language of the ordinance in question as well as the particular statutes under which the Eight Mile Creek Drainage District was established, which information I do not have. There is some statutory authority for municipalities providing financial assistance to improvement districts. For example, A.C.A. 14-91-305 (1987) authorizes a municipality to assist from its own funds a municipal levee or flood control district located therein. Similarly, A.C.A. 14-89-802 (1987) authorizes a municipality to advance available moneys to pay the organizational expenses of one (1) or more proposed improvement districts under certain circumstances. Not knowing what statutes apply to this particular drainage district, I am unable to determine whether the city might be specifically authorized to spend its money on the district. I can state, however, that I have found no prohibition against this practice.
In my opinion, the city will ultimately have to determine whether the proposed drainage improvements on The Eight Mile Creek constitute a proper municipal purpose under A.C.A.14-55-102 (1987) (giving cities broad discretion to determine what is necessary for the public welfare, safety and convenience of the city's inhabitants, Sander v. Blytheville,164 Ark. 434, 262 S.W. 23 (1924); City of Fort Smith v. Van Zandt, 197 Ark. 91, 122 S.W.2d 187 (1938)), A.C.A. 14-42-307
(1987) (providing that municipalities have the authority to exercise all powers relating to municipal affairs, including the power to furnish all local public services), and A.C.A.14-54-601(2) (1987) (giving municipal corporations power to open, construct, keep in order, and repair sewers and drains). Unless a city exercises its discretion in these matters in an arbitrary, discriminatory and unreasonable manner, or in such a manner as to invade constitutional property rights, it appears that the courts will not interfere. Sander v. Blytheville, supra; State ex rel. Latta v. Marianna, 183 Ark. 927, 39 S.W.2d 301
(1931). Thus, assuming the city determines that the proposed improvements constitute a proper municipal purpose and that the ordinance earmarking the money in question for streets and drainage would permit the use of the money for the proposed purpose, it is my opinion that the city would not be prohibited from proceeding with the project.
It appears that my answer to your first question also addresses your second question. Whether the city might otherwise be lawfully involved in a project involving property owned by a drainage district is a separate question too general for me to answer without more information about the proposed involvement by the city and the particular project contemplated.
With respect to your third question, while such work easements might have to be obtained in connection with the proposed drainage improvements on the Eight Mile Creek, I do not think that obtaining them would affect whether or not the city may lawfully contribute money to the project.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh