The Honorable Paul Weaver State Representative P.O. Box 33 Violet Hill, AR 72584-0033
Dear Representative Weaver:
This is in response to your request for an opinion on behalf of the City of Melbourne with respect to rights of way on city streets. In correspondence attached to your request, it is noted that many publicly traveled streets within the City have no established rights of way, no records of dedication can be found, and that many subdivisions never had plats recorded. The City proposes to do a comprehensive street inventory to establish the existing street widths and rights of way that currently exist. Once this has been completed, the City proposes to establish by "blanket ordinance" the existing rights of way for the current streets.
The City's specific question in this regard is as follows:
 May a City by blanket ordinance establish rights of way on existing city maintained streets?
It is my opinion that the answer to this question is, generally, "yes."
The City Council has the "care, supervision, and control" of all streets within the City. A.C.A. § 14-301-101(1) (1987). It is obligated to keep the streets "open and in repair, and free from nuisance." Id. at subsection 2. The City also has specific authority to "open, widen, straighten, and establish [streets]. . . ." A.C.A. § 14-54-601(1) (Repl. 1998). The Arkansas Supreme Court has thus noted that:
 [t]here can be no doubt that the city has the power and the duty to make reasonable provision for the safety of persons and property using its streets by the enactment of ordinances, resolutions or by-laws looking to that end, and that the city council or commission, or other municipal authorities have a wide discretion on such matters.
City of Fort Smith v. Van Zandt, 197 Ark. 91, 94, 122 S.W.2d 187 (1938),citing A.C.A. §§ 14-54-601 and 14-301-101. Finally, the City has broad discretion, under the so-called "general welfare clause," to determine what is necessary for the public welfare, safety and convenience of its inhabitants. Sander v. Blytheville, 164 Ark. 434, 262 S.W. 23 (1924), cited in Van Zandt, supra.
The City's general authority to establish rights of way on existing streets derives, in my opinion, from the above provisions. While fact questions could conceivably arise regarding dedication, it should be noted that dedication of streets to public use can be accomplished in various methods other than the filing of a plat. See, e.g., Poskey v.Bradley, 209 Ark. 93, 189 S.W.2d 806 (1945) (by parole dedication);Porter v. Stuttgart, 135 Ark. 48 (1918 (by implied dedication); Ayers v.State, 59 Ark. 26 (1894) (by prescription). It has been held, moreover, that dedication, once made, is irrevocable, and the City can accept at any time; and dedications by prescription need not be accepted. Bushmiaerv. City of Little Rock, 231 Ark. 848, 333 S.W.2d 236 (1960); Waring v.City of Little Rock, 62 Ark. 408, 365 S.W. 24 (1896). Compare A.C.A. §14-301-102 (1987) (requiring that dedication be "accepted and confirmed by an ordinance specifically passed for that purpose.")
Assuming the fact of dedication, therefore, I foresee no problem with establishing the rights of way through a blanket ordinance. The ordinance would contain one subject, in compliance with A.C.A. § 14-55-201 (Repl. 1998). The ordinance would be presumed valid, and the one challenging it would have the burden of establishing that it is arbitrary or unreasonable or outside the City's powers. See generally Van Zandt,197 Ark. at 95. In my opinion, the ordinance would likely withstand such a challenge.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh