## WILDER *v.* LITTLE ROCK.

### Opinion delivered November 14, 1921.

MUNICIPAL CORPORATIONS—BUILDING PERMIT—EXTENSION OF FIRE LIMITS.—The grant by a city of a permit to build a frame building did not constitute a contract, nor, in the absence of any vested rights acquired thereunder, did it prevent the city from extending its fire limits so as to prohibit the erection of such frame building.

Appeal from Pulaski Chancery Court; *J. E. Martineau,* Chancellor; affirmed.

*Hendricks & Snodgress,* for appellant.

The city may extend its fire limits, but cannot give it an *ex post facto* effect, as it attempted to do in this case.

The permit contains no provision for revocation, and the law provides for none, and the, city's action was

without authority. 1 L. R. A. (N. S.) 458 and cases cited. See also case note thereto; 3 Dillion, Municipal Corp. p. 1875; 145 Ill. 451.

By the issuance of the permit and the payment by appellant of rent in advance on the premises and other expenditures for lumber, etc., he acquired a vested right which could not be taken away by the action of the city council.

*John F. Clifford,* for appellee.

Authority for the passage of the fire ordinance and ten amendments thereto is found in §§ 7544, 7554-5, Crawford & Moses' Digest. Their justification is sustained by 35 Ark. 352; 18 Ark. 252.

The cases cited by appellant to sustain his theory of a vested right are not applicable, as under those cases some sustantial part of the work of building had been completed, whereas here nothing of this sort had been done, and appellant was out no money, not even for rent, as his lease contained a clause that the contract should be void in case the council revoked the permit. He had reason to expect that this might be done, as the present ordinance was pending at the time the permit was issued.

Appellant did not comply with § 107 of the ordinance.

McCULLOCH, C. J. On March 17, 1921, appellant applied to the building inspector of the city of Little Rock for a permit to erect a frame building on a certain lot in this city, said lot not then being within the fire limits as fixed by existing ordinances of the city. The structure was to cost approximately $1,000, and on the same day the permit was issued to appellant, signed by the building inspector and countersigned by the city collector, in accordance with the provisions of the ordinance. At that time there was pending before the city council a proposed ordinance extending the fire limits so as to include the lot mentioned in the permit issued to appellant. On the following Monday night, March 20, the city council passed the new ordinance, which was approved by the Mayor and published, and on

March 23 appellant leased the lot mentioned in his permit from the owner, one Dodd. The written contract of lease between the parties contained the stipulation that "if the city of Little Rock revokes permit to put up building, this contract is void." The building contemplated by appellant would be contrary to the provisions of the ordinance creating the fire limits, which prohibits the construction of frame buildings. Later the city council revoked the permit, and this action was instituted by appellant in the chancery court of Pulaski County to restrain the city and its officers from interfering with the construction of the building. Appellant alleges in his complaint that, in contemplation of the construction and erection of the building, he purchased material of the value of $100 and that he leased the lot for a period of 5 years, obligating himself to pay $30 per month, and that he paid the sum of $180 in advance.

At the hearing appellant proved that he had entered into a verbal contract with Dodd, the owner of the lot, whereby he agreed to lease the lot on the Saturday before the city council enacted the ordinance on Monday, but that the lease was not reduced to writing and signed and delivered until after the enactment of the ordinance. There was no proof, so far as the testimony is abstracted, tending to show that appellant had incurred any other liability. So, as the case stands, appellant is insisting that the permit issued by the city authorities is irrevocable, and that his right to construct the building is unaffected by the ordinance subsequently passed.

The statutes of this State authorize city councils of all municipalities to "regulate the building of houses; to make regulations for the purpose of guarding against accidents by fire, and to prohibit the erection of any building or any addition to any building unless the outher walls thereof be made of brick or mortar, or stone and mortar; and to provide for the removal of any building or addition erected contrary to such prohibi-

tion.'' Crawford & Moses' Digest, § 7544. Another statute, applicable to cities of the first class, provides that such municipalities "shall have the power to regulate the building of houses, and to provide that no house or structure shall be erected within the city limits except upon a permit to be issued by such officer or officers as the city council shall designate, and to provide that no permit shall be issued for the building of any house or structure deemed to be unsafe, insanitary, obnoxious, or detrimental to the public welfare.'' *Id.* § 7754. This statute also authorizes such municipalities to "order the removal or razing of, or to remove or raze, any buildings or houses that have become, in the opinion of the city council, dilapidated, unsightly, unsafe, insanitary, obnoxious or detrimental to the public welfare.'' *Id.* § 7755. Ordinances of the city of Little Rock have been enacted pursuant to this legislative authority. The chancery court dismissed the complaint for want of equity, and an appeal is prosecuted to this court.

A permit to build a house in the city is, under the statutes and ordinances of the city, issued without regard to its situation, either in or out of the fire limits. The officers of the city have no authority to issue a permit in conflict with the valid ordinances of the city relating to fire limits and the construction of buildings, nor can such officers restrict the lawful authority of the city by issuing permits. Conceding that a permit is irrevocable, it does not follow that the issuance thereof is a bar to the exercise by the city of its power in extending the fire limits so as to include the lot on which the building is to be erected. The permit was merely the granting of a privilege, and did not constitute a contract between the city and appellant. No vested rights were acquired by obtaining a permit, and none arose in the acquisition of property or preparations for the construction of the building prior to the enactment of the new ordinance, so we do not have to deal here with the question of displacement of vested rights by the pass-

age of the ordinance extending the fire limits. The city council was clearly within its powers in passing the new ordinance, and, as before stated, appellant was not exempted from its operation by the fact that he held a permit to construct a building on the lot in question.

The cases cited by learned counsel for appellant relate merely to the question of the irrevocability of a permit issued by a municipality, and do not reach the question of the power to extend the fire limits after the issuance of a permit.

Our conclusion is that the decree of the chancellor was correct, and the same is affirmed.