SMITH, J., not participating.

Rick SMITH *v.* CITY of ARKADELPHIA

98-87                                        984 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered January 7, 1999
[Petition for rehearing denied February 4, 1999.]

*Winston C. Mathis,* for appellant.

*McMillan, Turner, McCorkle & Curry*, by: *Ed McCorkle*, for appellee.

R AY THORNTON, Justice. Appellant, Rick Smith, brought this action for an injunction against appellee, City of Arkadelphia, claiming a property interest in building permits issued by the city on March 11 and 18, 1997. He contends that the issuance of the building permits exempted him from complying with Ordinance No. 97-7, a revised building and safety code, which was enacted on April 3, 1997. In denying relief, the trial court found that no vested property rights were acquired by obtaining the permits or by appellant's preparations for construction prior to the enactment of the ordinance; that Ordinance No. 97-7 does not revoke the building permits, but only imposes additional requirements for manufactured homes placed within the city limits after the effective date of the ordinance; and that the implementation of the ordinance was a valid exercise of the city's police powers. Appellant challenges these findings on appeal. We find no error in the chancery court's order and affirm.

For many years before a March 1, 1997 tornado ripped through the city of Arkadelphia, City Ordinance No. B-425 regulated the construction and safety features required for manufactured homes placed within the city. Because of the destruction and havoc caused by the storm, the city drafted an amendment to Ordinance No. B-425 to add new requirements for the construction and anchoring of manufactured homes. This new Ordinance No. 97-7 was effective for all new placements of manufactured homes after the date of the passage of the new ordinance on April 3, 1997.

Appellant owned property within the city where some manufactured homes had been substantially destroyed or heavily damaged. Mr. Smith was granted several building permits during March of 1997, to locate manufactured homes on lots which he owned in the city. Mr. Smith placed one manufactured home on one of these lots before the new ordinance became effective on April 3, 1997. As this home was placed within the city before the effective date of the new ordinance, there is no disagreement that the construction and safety features of this manufactured home

were controlled by the provisions of the old ordinance No. B-425 in effect at the time of its placement. Mr. Smith did not place any other manufactured homes on the lots for which permits had been granted before April 3, 1997.

The trial court found that the building permits were not revoked, but remained effective. Because there is no evidence to suggest that the building permits were revoked, we affirm the trial court on this point. The evidence was undisputed that the provisions of Ordinance No. B-425, which regulated the safety and construction of manufactured homes, were amended. The trial court did not commit error in finding that the financial effect of the adoption of the new Ordinance No. 97-7 was to require additional expenditures to meet the provisions of the new ordinance.

Mr. Smith advances two issues on appeal, but both hinge on a common factor: whether the issuance of the building permits together with some grading and gravel work in preparing sites, created vested property rights in the applicability of the less rigorous provisions of the old ordinance. Mr. Smith contends that the issuance of building permits while the old Ordinance No. B-425 was effective exempted him from the provisions of the new Ordinance No. 97-7, and granted him a property right to proceed with construction under the terms of the old, repealed provisions of Ordinance No. B-425. We disagree.

The general rule is that a grant of a license by a municipality is made with the implied reservation of the right to impose reasonable police regulations, which may go to the extent of revoking the license, which was not done in the case before us. Therefore, the possession of a license does not exempt the licensee from the operation of ordinances and regulations that were legally enacted in the exercise of such powers after issuance of the license. 51 Am. Jur. 2d Licenses and Permits § 145 p. (1970).

We have previously approved this general rule in *Wilder v. Little Rock*, 150 Ark. 439 (1921). There the appellant, Wilder, contended that by the issuance of a building permit and the payment of rent on the premises, and other expenditures for lumber, etc., he had acquired a vested property right which could not be

taken away by the action of the city. In the case before us, Mr. Smith contends that a property right was established when, in reliance upon his building permit, he did some site preparation work, and prepared some manufactured homes for placement on the city lots. In addressing substantially the same issues of law and fact in *Wilder*, we stated:

> The permit was merely the granting of a privilege, and did not constitute a contract between the city and appellant. No vested rights were acquired by obtaining a permit, and none arose in the acquisition of property or preparations for the construction of the building prior to the enactment of the new ordinance, so we do not have to deal here with the question of displacement of vested rights by the passage of the ordinance extending the fire limits. The city council was clearly within its powers in passing the new ordinance, and, as before stated, appellant was not exempted from its operation by the fact that he held a permit to construct a building on the lot in question.

*Wilder* at 442.

Arkansas Code Ann. § 14-56-201 (Repl. 1998) gives municipal corporations the power to regulate erection, construction, reconstruction, alteration, and repair of buildings and to provide for the removal of any buildings or additions erected contrary to this provision. In addition, Ark. Code Ann. § 14-55-102 provides:

> Municipal corporations shall have the power to make and publish bylaws and ordinances, not inconsistent with the laws of this state, which, as to them, shall seem necessary to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations and the inhabitants thereof.

Ark. Code Ann. § 14-55-102 (Repl. 1998).

■ Thus, municipalities have the power and duty to make reasonable provisions for the safety of persons and property and municipal authorities have wide discretion in these matters. *See City of Ft. Smith v. Van Zandt*, 197 Ark. 91, 122 S.W.2d 187 (1938). In *Phillips v. Town of Oak Grove*, 333 Ark. 183, 968 S.W.2d 600 (1998), we stated that a city has the plenary authority

to exercise its police power to protect public health and safety which is founded on public necessity. *Id.* at 189, 968 S.W.2d at 603. In fact, the mere possibility of public harm is a sufficient basis for a municipality to regulate under its police power. *Id.* at 191, 968 S.W.2d at 604.

Appellant argues, however, that by acting upon a building permit, a property right may develop when good faith acts of reliance are taken on the premises, citing *Tankersley Bros. Indus. Inc. v City of Fayetteville*, 227 Ark. 130, 296 S.W. 2d 412 (1956). In that case the appellant was granted a building permit, and constructed a building. Four months after construction was complete, the city brought an action to revoke the permit and require the appellant to remove the building. In *Tankersley*, we held that the city had allowed the property owner to proceed to construct and operate the building, and that the city was equitably estopped from revoking the building permit. Based upon *Tankersley*, the trial court could have found that the city could not compel Mr. Smith to remove the one manufactured home which was placed in the city before the effective date of the new ordinance. However, this issue was not raised because the city did not seek to apply Ordinance 97-7 to buildings placed before the effective date of the ordinance. *Tankersley* suggests that an applicant for a building permit may acquire a *kind of property right* when he has incurred liability thereon. *Id.* at 135, 296 S.W.2d at 415 (emphasis added). This right is not unlimited. *Tankersley* goes on to state that it is generally held the permit cannot be revoked without cause or in the absence of any public necessity for such action. *Id.* As a general rule, property is not exempt from the operation of subsequent ordinances and regulations legally enacted by the corporation. *Id.* (citing 43 Corpus Juris § 380, p. 349).

Here, in light of the devastation caused by the tornado, the trial court did not commit error by finding that the city had authority to exercise the police power granted by the legislature by adopting Ordinance No. 97-7. *See Phillips v. Town of Oak Grove*, 333 Ark. 183, 968 S.W.2d. 600 (1998); *City of Ft. Smith v. Van Zandt*, 197 Ark. 91, 122 S.W.2d 187 (1938). Because we have determined that appellant did not acquire a vested property right in either the building permit, or the underlying regulatory Ordi-

nance No. B-425, we need not address appellant's second point on appeal, as that point is predicated upon the existence of a vested property right.

■ Because of the need for the city to regulate the standards of construction applicable to the rebuilding of the city following the March 1, 1997 tornado, we agree with the trial court's findings that the city had a rational basis for using the effective date of Ordinance No. 97-7 as the date for commencing the new, more rigorous regulations contained in that ordinance. We also find no error in the trial court's findings that the application of the provisions of Ordinance No. 97-7 to construction of homes placed in the city from and after the passage of the ordinance is a valid exercise of the police powers of the city and did not revoke the previously issued building permits. We affirm.

SMITH J., not participating.