The Honorable Bill Stovall State Representative 2324 Heber Springs Road West Quitman, AR 72131-0426
Dear Representative Stovall:
I am writing in response to your request for an opinion for clarification regarding the authority of a suburban improvement district. Your request pertains specifically to the Skypoint Suburban Improvement District (hereinafter "the District"), which was formed pursuant to Act 41 of 1941. See A.C.A. 14-92-201 et seq.). You have asked for clarification regarding the District's "operation" of its improvements and facilities, and your particular question concerns the roads in the District. The following question is presented:
 For our roads, does the [District] have the authority to control use of the roads, e.g., setting speed limits, regulating parking, and use of our road by airplanes for our airstrip?
You state specifically in this regard that the District has established some restrictions for airplanes and will allow them to taxi only directly across from the road to the airstrip, and will not allow taxiing up and down the road like a car.
RESPONSE
It is my opinion as a general matter that any "control" over the use of the roads in the District would have to relate to the purpose(s) for which the District was formed and be consistent with state law including, specifically, the Uniform Act Regulating Traffic on Highways of Arkansas (hereinafter "Uniform Act"). With regard to such specific matters as setting speed limits and regulating parking and use of the roads by airplanes, it is my opinion that the District probably has no authority over these traffic-related matters because the roads in all likelihood meet the definition of "streets or highways" under the Uniform Act. If the District has particular safety concerns regarding speed limits, parking, or use of the roads by airplanes, these concerns should be addressed to the county quorum court as the "local authority" under the Uniform Act. I suggest, additionally, that the District consult with its legal counsel to further delineate its precise authority over the use of the roads.
DISCUSSION
In presenting this question concerning the use of the roads, you have referred to an opinion issued by my immediate predecessor regarding the District (Op. Att'y Gen. 2001-179), which makes the statement that "the [District] is limited to the improvements and facilities enumerated in the Final Order, and the operation and maintenance of such." Op. 2001-179 (response to Question 2). This statement was made in response to the question whether the District could complete other projects of its choice, outside those stated in the petition to form the District. The language regarding the District's "operation and maintenance" of the improvement derives from the statutes governing suburban improvement district formation. Arkansas Code Annotated § 14-92-239 (Repl. 1998) states in relevant part that "[s]uburban improvement districts shall not cease to exist upon the acquiring, construction, or completion of the improvement but shall continue to exist for the purpose of preserving, maintaining, and operating the improvement. . . ." See also A.C.A. §14-92-220(a) regarding a district's authority to acquire equipment for the "operation and maintenance of the facilities" and its further authority to "do any and all other actions which shall be deemed necessary in order to . . . operate and maintain any and all improvements and facilities. . . ."
The "improvements" in this instance, as reflected in the court order creating the District, include "paving the roads," as well as "the acceptance of one private runway, municipal park, certain nature trails, and one boat launch ramp facility." See Final Order Approving the Creation of Skypoint Estates Suburban Improvement District, No. C-77-6, at 1, 4 and 5 (June 16, 1978). These are the "purposes" for which the District was formed. See generally A.C.A. § 14-92-219 (regarding the purposes for which a suburban improvement district may be organized). In my opinion, the District's authority conceivably extends to controlling the use of the roads incident to the operation and maintenance of these improvements, but only insofar as necessary or useful to carry out the District's purposes. See generally A.C.A. § 14-92-220. The particular exercise of "control" must therefore be considered. Accordingly, this question is appropriately addressed to the District's legal counsel, for a determination based on the particular facts.
Another significant caveat attends this conclusion. Any control that the District wishes to exercise with respect to the roads must in my view be consistent with the Uniform Act Regulating Traffic on Highways of Arkansas, which is codified in relevant part at A.C.A. § 27-35-101 etseq., A.C.A. § 27-36-101 et seq., and A.C.A. § 27-49-101 et seq. It must be recognized in this regard that the Uniform Act is a general highway traffic act. It is not limited to the State Highway System, but applies to all highways, roads, and streets in the State of Arkansas.[1] AccordArkansas State Highway Commission v. City of Little Rock, 227 Ark. 660,662, 300 S.W.2d 929 (1957). The Uniform Act should therefore be referenced when addressing any traffic-related questions.
Additionally, and most significantly, I believe the roads in the District are likely covered by the provisions in the Uniform Act that apply to "streets or highways" as defined therein. If a road is "open to the use of the public, as a matter of right, for purposes of vehicular traffic[,]" it is a "street or highway" under the Uniform Act (A.C.A. §27-49-212 (a));[2] and the power of "local authorities" (A.C.A. §27-49-207) with respect thereto must be considered.[3]
Although I have found no helpful interpretive authority regarding A.C.A. § 27-49-212, the body of law under which the District was formed clearly contemplates the public status of roads in a "road or street improvement district." Arkansas Code Annotated § 14-92-236 authorizes the county court to contribute funds to such a district and further states:
 (b)(1) Any such district is authorized to receive any part of the funds that may be set aside by the federal government for the improvement of public roads and any that may be set aside by the government of this state for aid in the improvement of public roads.
 (2) The board of commissioners of the district and the Arkansas State Highway and Transportation Department are authorized and directed to take such action as may be necessary to secure any of these funds for these districts as an improvement of a part of the public roads of the state in which the state has an interest.
A.C.A. § 14-92-236 (Supp. 2001) (emphasis added).
The Skypoint Suburban Improvement District is not denominated a "road or street improvement district." However, it clearly was formed in part for the purpose of improving roads as authorized by the suburban improvement district subchapter, which contemplates multiple purposes (see A.C.A. §14-92-205) and which does not, according to my review, require the specific denomination of such a district as a "road or street improvement district." I thus conclude that the District is encompassed within the language of A.C.A. § 14-92-236, supra, which categorizes roads in such a district as "public roads" for purposes of these public-funding provisions.
While it might be contended that this is not determinative for purposes of the definition of a "street or highway" under A.C.A. § 27-49-212, I suspect that if faced with the question a court would conclude that the legislature's authorization of public funding for the roads in a road or street improvement district reflects the view that the roads are indeed open to the use of the public as a matter of right. I have not been provided with any facts bearing on the question, but I anticipate that this is the case with regard to the roads in the District.
Accordingly, consideration must be given the power of "local authorities" under the Uniform Act. "Local authorities" means "every county, municipal, or other local board or body having authority to adopt local police regulations under the Constitution and laws of this state." A.C.A. § 27-49-207 (Repl. 1994). This does not include the District, which has no power to adopt "police regulations," a term that in my opinion refers to the exercise of the government's sovereign right to prevent crime and secure the public health and safety. Compare A.C.A. § 14-55-102 (the statutory foundation for the police power of cities); and see generallySmith v. City Of Arkadelphia, 336 Ark. 42, 46-47, 984 S.W.2d 392 (1999) (regarding a city's "plenary authority to exercise its police power to protect public health and safety which is founded on public necessity.") "Local authorities" have authority under the Uniform Act with respect to speed limits (see A.C.A. § 27-51-206 to -208 (Repl. 1994)); and they may "[r]egulate the standing or parking of vehicles" on streets or highways under their jurisdiction (A.C.A. § 27-49-106(b)(1) (Supp. 2001)). They also have other specific areas of regulatory authority pursuant to A.C.A. § 27-49-106(b), in addition to the general power to "adopt additional traffic regulations which are not in conflict with the provisions of [the Uniform Act]." A.C.A. § 27-49-106(a)(2).
In conclusion, therefore, it is my opinion that only a "local authority" may set speed limits and regulate parking on the roads in the District, under the assumption that the roads are "streets or highways" under the Uniform Act. The county quorum court is presumably the relevant "local authority" in this regard. The county quorum court's authority probably extends as well to regulating the use of the roads by particular vehicles, such as airplanes, if consistent with other provisions of the Uniform Act. See generally A.C.A. § 27-49-106(a)(2), supra.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The State Highway Commission designates the State Highway System and is vested with general authority to control, through rules and regulations, the use of and access to state highways. See A.C.A. §§27-65-107(a)(13) and 27-67-201. See also A.C.A. §§ 27-51-203 to -207 regarding the Commission's power and duty to establish speed limits for "traffic facilities on the state highway system." I assume that the District's roads are not part of the State Highway System.
[2] Section 27-49-212(a) states in full that "`[s]treet or highway' means the entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public,as a matter of right, for purpose of vehicular traffic." A.C.A. §27-49-212(a) (Repl. 1994) (emphasis added).
[3] I am also assuming that the roads in the Districts have not been designated as part of the county road system. See generally A.C.A. §14-14-1102(b)(1). If the roads are part of the county system, they unquestionably are open to the public and meet the definition of a "street or highway" under the Uniform Act.