HOUSE *v.* CITY OF TEXARKANA.

5-695                                          279 S. W. 2d 831

Opinion delivered June 6, 1955.

*Shaver, Tackett & Jones,* for appellant.

*Charles Conway, Charles C. Wine* and *LeRoy Autrey,* for appellee.

WARD, J. This action was originated by appellant to **enjoin** the City of Texarkana from enforcing an ordinance which purported to regulate heavy traffic on certain streets. The trial court held the ordinance valid, hence this appeal.

*Complaint.* Petitioner (appellant) is a resident and citizen of Miller County, residing on East 24th Street outside but near the city limits of Texarkana; he operates

a wholesale and retail butane gas business adjoining his home; his business requires the use of trucks of more than one-half ton capacity on East 24th Street. The City Council of the City of Texarkana passed Ordinance B-866 which reads (insofar as material here) as follows:

"Section 1. Hereafter it shall be unlawful for any person, firm or corporation, or its agents, officers or employees, to operate any motor truck, truck-tractor with semi-trailer or any full trailer, either of which is of more than one-half ton capacity upon 24th Street, 12th Street or Jefferson Street in the City of Texarkana, Arkansas.

"Section 2. (a) This Ordinance shall not be construed to prohibit motor vehicle trucks from crossing said streets at their intersections with other streets, (b) nor apply to delivery trucks serving the *residents* in the immediate area, (c) nor shall this ordinance be construed so as to prevent any person living within the *corporate limits* of Texarkana, Arkansas, from operating such trucks upon said streets where it becomes necessary for them to reach their homes."

(Separation of clauses and emphasis supplied for convenience.)

Section 3. Provides for appropriate street signs.

Section 4. Penalty for violation.

"Section 5. This Ordinance being necessary to protect the pavement upon said streets, and for the immediate preservation of the public health, peace and safety of said city, an emergency is hereby declared to exist and this Ordinance shall be in full force and effect from and after its passage, approval and publication."

The enforcement of said ordinance will cause petitioner irreparable damage, in that it is reasonably necessary for petitioner to make use of said East 24th Street within the city in going to and proceeding from his place of business in connection with the delivery of butane gas to his customers residing within and at points beyond the city. The enforcement of the ordinance will cause petitioner further irreparable damage in that his customers

are prohibited from using East 24th Street within the city, compelling them to purchase butane gas from other distributors, and the enforcement of the ordinance will compel him to discontinue his business.

It was further alleged that said ordinance violates the 14th Amendment to the Constitution of the United States and Article 2, §§ 18 and 22 of the Constitution of Arkansas because it is discriminatory, provides unreasonable and inequitable class legislation, is confiscatory of his personal and property rights and deprives him of his property without due process of law. The answer was a general denial.

*The testimony* (in substance). Appellant's home and place of business abuts East 24th Street on the north side and is about a block and a half east of Jefferson Street which runs north and south the full length of the City, 24th Street running east and west. About a mile west from appellant's home 24th Street intersects Highway 71 (sometimes referred to as the State Line) which runs north and south, and it is about the same distance east from appellant's home to where 24th Street intersects Highway 67 which (from the point of intersection) runs northeast toward Hope and southwest toward Dallas, intersecting Highway 71 on the south side of the City. In conducting his business appellant has several heavy trucks (more than one-half ton) which he uses to deliver gas to 8 or 9 wholesalers and to haul gas to his place of business from the refinery located on or near Highway 71 south of the City. Also as a part of his business he makes deliveries to individual customers and he sells gas to large trucks and other customers who come to his place of business. It is not disputed that the most convenient route for appellant to reach Highway 71 is 24th Street. (It is noted here that in his complaint appellant makes objection only to the regulation of 24th Street.) It is insisted by appellant that in order to reach the refinery or to travel south of the City on Highway 71 it is necessary for him to go approximately 4 to 6 miles farther than he would have to go by using 24th Street. One route, he says, would be to go east on 24th Street to Highway 67, thence southwest on 67 to where it inter-

sects Highway 71 or a distance of approximately 4 or 5 miles. Evidence shows that the corporate line runs in the middle of 24th Street for a distance of about 400 feet from appellant's home west to the intersection of 24th Street with Jefferson Street. It is also shown that north of 24th Street the corporate line runs in the middle of Jefferson Street from 28th Street to 32nd Street and thence west along the middle of 32nd Street (approximately a mile) to Highway 71 or State Line. It is conceded that appellant can drive his trucks from his home 400 feet west to Jefferson Street, thence north on Jefferson Street (approximately one-half mile) to 32nd Street, thence west on 32nd Street to Highway 71. From this point appellant can drive his trucks south on Highway 71 (approximately one-half mile) to the intersection with 24th Street. From this it must be observed that by taking the last mentioned route appellant would have to go from one mile to a mile and a half farther to reach the intersection of 24th Street and Highway 71 than he would have to go by direct route west on 24th Street to reach the same point. It is admitted that trucks returning to appellant's place of business could not follow the route detailed above for the reason that the west half of Jefferson Street (from 32nd Street south to 28th Street) is within the city limits. There is other testimony however to the effect that other return routes are available to appellant which would not be materially longer than the one along 24th Street. The testimony shows that at least a portion of 24th Street has a gravel base with a thin blacktop covering and that the street would be damaged by the use of heavy trucks.

*Issues eliminated.* Much argument on both sides is directed to the several exceptions contained in Section 2 of the ordinance. One exception is that delivery trucks may serve residents [of the City] living along or near the prohibited streets. Another exception is that the ordinance shall not prevent residents of the City from using the streets where it is necessary to reach their homes, even in trucks of more than one-half ton capacity. Appellant's argument is that these exceptions provide a classification based on residence and is therefore invalid.

We do not, in this opinion, reach this question for the reason that these exceptions are not attacked by the pleadings or supported by the evidence. It is not within the province of the duties of this court to declare an entire ordinance invalid merely because we might feel that some portion of it, not attacked, is invalid. In *Ferguson Coal Co.* v. *Thompson, Mayor, et al.*, 343 Ill. 20, 174 N. E. 896, where a similar issue was raised, it was said:

"Under no circumstances will a court of equity entertain a bill to enjoin the enforcement of an ordinance on the ground alone that it is void, but those seeking to restrain its enforcement must allege and prove facts showing that their interests are affected. They have no right to challenge provisions which do not affect them."

*The Issue.* Therefore the only issue left for our consideration is the validity of Section 1 of the ordinance which prohibits the use of trucks [of over one-half ton capacity] on the named streets. While the pleadings refer only to 24th Street we will consider the pleadings as amended to include Jefferson Street also. There is no mention of 12th Street in the pleadings or testimony.

Appellant bases his argument for a reversal of the trial court on five grounds which we shall discuss in order.

*1, 2.* It is urged, first, that the ordinance violates the Federal and State Constitutions, and second, that the City of Texarkana has no power to enact such an ordinance. These two arguments, with which we do not agree, may be considered together.

There can be no doubt that cities such as Texarkana have the power, under our statutes and decisions, to pass ordinances of this nature. The exercise of similar powers on the part of cities has been recognized in *Sander* v. *Blytheville*, 164 Ark. 434, 262 S. W. 23; *City of Fort Smith* v. *Van Zandt*, 197 Ark. 91, 122 S. W. 2d 187, and *Goldman & Company, Inc.* v. *City of North Little Rock*, 220 Ark. 792, 249 S. W. 2d 961.

This power has also been granted to the cities either directly or inferentially by statutes. Ark. Stats., § 19-

2303, gives cities the right "to regulate the transportation of articles throughout the streets, and to prevent injury to the streets from overloaded vehicles." Section 19-3801 gives cities "supervision and control of all the public highways, bridges, streets . . . within the city." Section 19-2401 gives cities the general power to pass ordinances, not inconsistent with the laws of this state, as seem necessary and provide for the safety, preserve the health, and promote prosperity and convenience of the inhabitants.

Appellant practically concedes that cities had the power to enact ordinances such as the one under consideration prior to 1937, but says, in effect, that Act 300 of 1937 repealed or superseded the statutes above quoted. We see no merit in this argument. Portions of said Act 300 dealing with the regulation of the size of trucks have been superseded or modified by Act 152 of 1953 which in turn has been likewise changed by Act 98 of 1955. Trucks weighing in excess of 56,000 pounds are prohibited from using the highways. None of these acts specifically repeal the statutes above set out. After a careful reading of these acts we are convinced that they do not repeal them by implication. Moreover, repeal by implication is not favored. See *Moncus v. Raines,* 210 Ark. 30, 194 S. W. 2d 1, and *McDonald v. Wasson,* 188 Ark. 782, 67 S. W. 2d 722. Appellant calls attention to § 25 of said Act 300 which states that the provision of the act shall be applicable and uniform throughout the state and all municipalities, and states that no local authority shall enact any regulation in conflict. The last sentence in this section however states that local authorities may adopt traffic regulations which are not in conflict with the act. We are unable to find where the provisions of the ordinance under consideration conflict with either the spirit or the letter of Act 300. In fact § 26 of said Act 300 provides that the act "shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of police power from . . . restricting the use of highways as authorized in Article 16 of this act." As we understand the provisions of said Article

they regulate the maximum weight of trucks allowed on the highways and in no way take away the right of cities to reasonably regulate the use of all heavy trucks on certain streets. Certainly cities would have no power to permit trucks weighing more than 55,000 pounds to use the streets and highway. So, if they can't regulate lighter trucks, the language in § 26 is meaningless.

*3, 4.* It is next argued that the ordinance is invalid in that it sets forth unconstitutional class legislation. Many cases are cited to the effect that legislation based on residence or other unreasonable classifications is invalid. It is not necessary for us to consider this line of reasoning since the exceptions contained in Section 2 of the ordinance are the only portions based on classification and they have been eliminated. It is not contended by appellant that Section 1 of the ordinance in any way deals with classification.

*5.* Finally appellant insists he is entitled to injunctive relief because the enforcement of the ordinance would deprive him of his property without due process of law. In view of what we have already said it appears to us that the only issue left for consideration is whether or not the ordinance is unreasonable or arbitrary. In this connection we are confronted at once with a presumption that the ordinance is valid and that it is not unreasonable or arbitrary. We have announced this rule in the *Sander* case, *supra, City of Fort Smith* case, *supra,* and *Goldman & Company, Inc.,* case, *supra.* A similar question involving the validity of an ordinance was considered in the *Sander* case, *supra,* where the court said:

". . . notwithstanding these allegations, it was nevertheless within the option or discretion of the city council to determine whether the welfare of the city demanded the abatement of these structures; and, unless such discretion was exercised in an arbitrary, discriminatory and unreasonable manner, or in such manner as to invade the constitutional rights of property, the court will not interfere and declare the ordinance void."

In the *Thompson* case, *supra,* it was stated that "where an ordinance is within. the grant of power con-

ferred upon municipalities, the presumption is that it is reasonable."

Under the facts and circumstances of this case as heretofore set out we cannot say that the ordinance was unreasonable or arbitrary, and we do not feel that we would be justified in holding that the chancellor's finding on this point was against the weight of the evidence. While the testimony regarding the feasibility of the routes which the ordinance forces appellant to use in the conduct of his business is somewhat contradictory and uncertain, this only makes it more difficult for us to say the chancellor erred. It is not clear from the testimony that appellant does not have reasonably feasible routes of ingress and egress to his place of business. Conceding the testimony shows that appellant will be inconvenienced and that he will suffer some pecuniary loss, yet that alone is not sufficient ground for us to declare the ordinance unreasonable. It was so held in the *Thompson* case, *supra,* where it was also said "in order to justify a court in interfering on the ground that an ordinance is unreasonable the proof must be clear and strong, and the action of the city council is final, if there is room for reasonable difference of opinion upon the question."

Although the argument is not specifically made by appellant, it might be said, with some reason, that his pleading and testimony entitles appellant to rely on the last exception in Section 2 of the ordinance. The argument would be that appellant [a non-resident of the City] is denied the use of 24th Street in returning to his home in a heavy truck—a privilege allowed those living within the corporate limits. On the face of it, this appears to be a discrimination based on residence alone, but we do not think it is in fact. Obviously the ordinance grants this privilege to those who merely want to return to their homes after work is finished, and not to those who intend, as appellant does, to use it for transaction of a business.

Having found no error, the decree of the trial court is affirmed.