The Honorable Michael Lamoureux State Representative P.O. Box 1046 Russellville, AR 72811-1064
Dear Representative Lamoureux:
I am writing in response to your request for my opinion on the following question:
 Can a city of the first class regulate by ordinance heavy trucks (i.e. 18 wheelers) on a state highway located within city limits including prohibiting such trucks from certain parts of the state highway and requiring them to take an alternate truck route?
RESPONSE
I believe any such ordinance could be given effect only with the approval of the Arkansas Highway Commission.
I must note at the outset that this office is neither equipped nor authorized to opine regarding the validity of particular local ordinances. I will consequently limit my discussion below to the general question of whether a city, under appropriate circumstances, might regulate truck traffic on state highways within its limits in a manner more restrictive than state law would require.
From the time the legislature enacted Act 65 of 1929, currently codified as A.C.A. § 27-65-107, there has been no question that the Highway Commission has had the authority to regulate traffic on state highways. Specifically, A.C.A. § 27-65-107(14) empowers the Commission "[t]o adopt reasonable rules and regulations from time to time for the protection of and covering, traffic on and in the use of the state highway system and in controlling use of and access to, the highways, except that no provision contained herein shall be construed as repealing the existing `rules of the road.'" However, the question remains whether cities, subject to whatever statewide restrictions the Highway Commission might have imposed, have the power to impose additional restrictions on state highways located within their territorial limits.
As a general proposition, cities have been charged with authority to manage their "municipal affairs," subject to various qualifications, including the following:
 (a)(1) For the purposes of this subchapter, the term "municipal affairs" means all matters and affairs of government germane to, affecting, or concerning the municipality or its government, except the following, which are state affairs and subject to the general laws of the State of Arkansas:
* * *
(L) Traffic on or the construction and maintenance of state highways.
A.C.A. § 14-43-601 (emphasis added). This statute clearly locates primary authority for the regulation of state highways in the state, which has exercised that power with respect to truck weight limits by setting statutory maximums. See A.C.A. § 27-35-201 et seq. The question remains, however, whether the state's "general laws" might authorize a municipality to regulate truck traffic on state highways located within city limits.
Section 14-301-101 of the Code (1987), enacted as Act 1 of 1875, provides:
The city council shall:
 (1) Have the care, supervision, and control of all the public highways, bridges, streets, alleys, public squares, and commons within the city; and
 (2) Cause those public highways, bridges, streets, alleys, public squares, and commons to be kept open and in repair, and free from nuisance.
(Emphasis added.) Section 14-54-103 of the Code (Repl. 1998) further provides in pertinent part:
Cities and incorporated towns shall have power to:
* * *
 (6) Regulate the transportation of articles throughout the streets and prevent injury to the streets from overloaded vehicles.
At issue, it seems to me, is whether the "public highways" a city is obliged to keep "in repair" and "free from nuisance" include state highways within city limits. The Code defines the term "public highways" at various points as follows:
 "Public roads" or "public highways" means all public highways and roads which at any time are part of the state highway system, and all roads and highways which are part of the county road system of the State of Arkansas, and all streets and roadways maintained by any municipality, improvement district, or political subdivision in the State of Arkansas.
A.C.A. § 14-303-103(4).
 "Public highways" means and includes every way or place of whatever nature, generally open to the use of the public as a matter of right, for the purposes of vehicular travel, and notwithstanding that it may be temporarily closed for the purpose of construction, reconstruction, maintenance, or repair.
A.C.A. § 26-55-202(3).
 "Public highways" means any highway, county road, state road, public street, avenue, alley, park, parkway, driveway, or any other public road or public place in any county, city, village, or incorporated towns.
A.C.A. § 27-51-101(1).
 "Public roads" or "public highways" means all public highways and roads which at any time are part of the state highway system and all roads and highways which are part of the county road system of the State of Arkansas and all streets and roadways maintained by any municipality, improvement district, or political subdivision in the State of Arkansas.
A.C.A. § 27-71-103(4).[1] (Emphases added.) Although these definitions obviously apply in varying contexts, I am struck by the fact that they all embrace state highways as well as city streets. There is consequently some question whether the term "public highways" should be given a narrower meaning as used in A.C.A. § 14-301-101.
One statute that might support construing the term more narrowly is A.C.A. § 27-35-103 (Supp. 2001), which provides in pertinent part:
 (a) The maximum size and weight of vehicles specified in this chapter shall be lawful throughout this state, and local authorities shall have no power or authority to alter these limitations, except as provided in this chapter.
 (b) Local authorities, with respect to highways under their jurisdiction, by ordinance or resolution, may prohibit the operation of vehicles upon any highway or impose restrictions as to the weight of vehicles to be operated upon any highway, for a total period of not to exceed ninety (90) days in any one (1) calendar year, whenever the highway, by reason of deterioration, rain, snow, or other climatic conditions will be seriously damaged or destroyed unless the use of vehicles thereon is prohibited or the permissible weights thereof reduced.
* * *
 (d)(1) Local authorities, with respect to highways under their jurisdiction, by ordinance or resolution, may also prohibit the operation of trucks or other commercial vehicles or may impose limitations as to the weight thereof on designated highways.
 (2) The prohibitions and limitations shall be designated by appropriate signs placed on such highways.
 (e)(1) The State Highway Commission shall likewise have authority as granted in this section to local authorities to determine by resolution and to impose restrictions as to the weight of vehicles operated upon any highways under the jurisdiction of the commission.
(Emphasis added.) Subsection (b) of this statute authorizes local authorities to prohibit any vehicular travel on "highways under their jurisdiction" for limited periods owing to road deterioration or climatic conditions that might result in road damage. Subsection (d)(1) more narrowly applies only to "trucks or other commercial vehicles," which local officials may prohibit altogether from traveling on "highways under their jurisdiction."See also Ark. Op. Att'y Gen. No. 97-417 (opining that the City of Wilton could restrict traffic on designated streets to vehicles whose weights did not exceed ten tons).
With respect to the question of whether a state highway running through a municipality can be considered "under the jurisdiction" of local officials, my predecessor offered the following in the course of concluding that city police might patrol those portions of a state highway contained within city limits:
 It is my understanding that the particular section of Highway 64 [a state highway] referred to in the attached letter is within the corporate limits of the City of Patterson. The Uniform Act Regulating Traffic on Highways of Arkansas, A.C.A. § 27-49-101 et seq., governs the operation of vehicles upon highways. Arkansas Code Annotated § 27-49-106(b) (Supp. 1997) permits local authorities to regulate traffic by means of police officers on "streets and highways under their jurisdiction. . . ." See also Op. Att'y Gen. 96-125. A municipality is a "local authority" as that term is used in A.C.A. § 27-49-106. See
A.C.A. § 27-49-207 (Repl. 1994). It is my opinion that a highway is under the jurisdiction of a municipality, as contemplated in A.C.A. § 27-49-106, if the highway is within the territorial limits of the city.
Ark. Op. Att'y Gen. No. 98-003.[2]
The suggestion that my predecessor's interpretation of the phrase "under their jurisdiction" should apply equally to the use of the phrase in A.C.A. § 27-35-103 draws some support from the fact that both statutes were enacted pursuant to Act 300 of 1937. However, I harbor some doubts about this analysis in light of the following passage from Arkansas StateHighway Commission v. City of Little Rock, 227 Ark. 660, 662,300 S.W.2d 929 (1957), in which the Arkansas Supreme Court held that the city could not authorize parking on a state highway truck route in the face of a Highway Commission directive to the contrary:
 [T]here can be no doubt that the Legislature has authorized the Highway Commission to designate a truck route through Little Rock, and that the truck route so designated is a part of the State Highway System. So the question is whether the State Highway Commission has power to erect" no parking" signs on a part of the State Highway System that is in the City limits.
 Act No. 300 of 1937 is a general highway traffic act. It is not limited to the State Highway System, but applies to all highways, roads, and streets in the State of Arkansas, and, therefore, applies to streets in municipalities. Section 30 of the Act 300 of 1937 (75-503 Ark. Stats.) allows local authorities in their respective jurisdictions to place and maintain traffic control devices on highways" under their jurisdiction"; but the same Section 30 [now A.C.A. § 27-52-106(b)] concludes with this language:" Local authorities in exercising those functions referred to in the preceding paragraph shall be subject to the direction and control of the State Highway Commission." Likewise, Section 26 of the Act No. 300 (75-426 Ark. Stats.) allows local authorities certain regulatory power over traffic; but that section also limits the local authorities to "streets and highways under their jurisdiction."
(Footnote omitted.) The final sentence of this excerpt suggests that the court did not consider a state highway located within a city to be "under the jurisdiction" of local authorities.
However, one might draw a different conclusion based upon House v. Cityof Texarkana, 225 Ark. 162, 279 S.W.2d 831 (1955), in which the court approved a local ordinance prohibiting trucks of more than one-half ton capacity from traveling certain streets. Although it is not clear from the court's discussion whether the streets at issue were state highways, the court's discussion of the restriction suggests that it would not have mattered if they were. Because it bears so directly on your question, I will excerpt the court's discussion at some length:
 There can be no doubt that cities such as Texarkana have the power, under our statutes and decisions, to pass ordinances of this nature. The exercise of similar powers on the part of cities has been recognized in Sander v. Blytheville, 164 Ark. 434, 262 S.W. 23; City of Fort Smith v. Van Zandt, 197 Ark. 91, 122 S.W.2d 187, and Goldman Company, Inc. v. City of North Little Rock, 220 Ark. 792, 249 S.W.2d 961.
 This power has also been granted to the cities either directly or inferentially by statutes. Ark. Stats., 19-2303, gives cities the right "to regulate the transportation of articles throughout the streets, and to prevent injury to the streets from overloaded vehicles." Section 19-3801 gives cities "supervision and control of all the public highways, bridges, streets . . . within the city." Section 19-2401 gives cities the general power to pass ordinances, not inconsistent with the laws of this state, as seem necessary and provide for the safety, preserve the health, and promote prosperity and convenience of the inhabitants.
 Appellant practically concedes that cities had the power to enact ordinances such as the one under consideration prior to 1937, but says, in effect, that Act 300 of 1937 repealed or superseded the statutes above quoted. We see no merit in this argument. Portions of said Act 300 dealing with the regulation of the size of trucks have been superseded or modified by Act 152 of 1953 which in turn has been likewise changed by Act 98 of 1955. Trucks weighing in excess of 56,000 pounds are prohibited from using the highways. None of these acts specifically repeal the statutes above set out. After a careful reading of these acts we are convinced that they do not repeal them by implication. Moreover, repeal by implication is not favored. See Moncus v. Raines, 210 Ark. 30, 194 S.W.2d 1, and McDonald v. Wasson, 188 Ark. 782, 67 S.W.2d 722. Appellant calls attention to 25 of said Act 300 which states that the provision of the act shall be applicable and uniform throughout the state and all municipalities, and states that no local authority shall enact any regulation in conflict. The last sentence in this section however states that local authorities may adopt traffic regulations which are not in conflict with the act. We are unable to find where the provisions of the ordinance under consideration conflict with either the spirit or the letter of Act 300. In fact 26 of said Act 300 provides that the act "shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of police power from . . . restricting the use of highways as authorized in Article 16 of this act." As we understand the provisions of said Article 16 they regulate the maximum weight of trucks allowed on the highways and in no way take away the right of cities to reasonably regulate the use of all heavy trucks on certain streets. Certainly cities would have no power to permit trucks weighing more than 55,000 pounds to use the streets and highway. So, if they can't regulate lighter trucks, the language in 26 is meaningless.
225 Ark. at 166-68.
This passage could be read as declaring that Act 300 in no way qualified the police power of local officials to impose regulations on the weight of trucks on designated streets and highways, subject only to the condition that a city may not allow vehicles to weigh more than the maximums set forth in the Code.[3] Compare A.C.A. § 27-35-210(a)(1)(A) (providing that "[t]he State Highway Commission, with respect to highways under its jurisdiction, and local authorities, with respect to highways under their jurisdiction" may issue permits for the transport of cargo out of compliance with Code provisions).
Having offered the foregoing regarding the scope of a city's police powers, I will conclude by noting that the potential debate on this issue appears to be mooted by a simple procedural requirement. As noted above, A.C.A. § 27-35-103(d)(2) provides that weight restrictions imposed by local authorities "shall be designated by appropriate signs placed on such highways." I presume that the erection of such signs is a prerequisite to the effectiveness of any ordinance imposing the restriction. Compare A.C.A. § 27-35-103(e)(2) (providing that weight restrictions imposed by the Highway Commission "shall be effective when signs giving notice thereof are erected upon the highway"). Subsection27-52-105(b) of the Code further provides that no local authority may place any "traffic control device" on a state highway without the Highway Commission's permission. Subsection 27-49-217(a) of the Code defines the term "official traffic control devices" as including signs "regulating, warning, or guiding traffic." As a practical matter, then, any local ordinance restricting or rerouting heavy truck traffic on a state highway could be given effect only if the Highway Commission approves placing the regulating signs on the highway.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] This statute was repealed by Act 296 of 2003. I am quoting it here solely to illustrate what I consider the uniformity of usage in the Code.
[2] See also Garrison v. City of Alpena, 234 Ark. 170, 171,350 S.W.2d 690 (1961) (with respect to a state highway located within city limits, "a city has the authority to pass local traffic ordinances to regulate, warn or guide traffic"). Despite this grant of local authority,Garrison might be reconciled with the subsequently enacted A.C.A. § 14-43-601, which generally charges the state with regulation of traffic on state highways, insofar as the court acknowledged that the locally authorized traffic devices must conform to the Highway Commission's Manual and Specifications. Id. at 171.
[3] The restrictions on vehicular weights and dimensions are currently set forth at A.C.A. § 27-35-201 et seq.